■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DOTY, Appellant.—Judgment reversed, on the law and facts, and new trial granted. Memorandum: Early in defendant's trial on the charge of criminal sale of a controlled substance in the third degree, it became apparent that defendant's counsel was intent upon using the name of a confidential informant who had led the police to defendant. Objections of the People to the use of the name of the informant were inconsistently sustained, and the rulings consistently violated by defendant's counsel. Despite numerous motions, colloquy, some admonition, and some promise to attempt to refrain, defendant's counsel persisted and periodically used the name of the informant. On motion by the People, over objection by defendant, the court closed the courtroom on occasion to permit defendant's counsel to ask certain prosecution witnesses a limited number of questions in which he used the name of the informant. When the defendant took the stand to testify on his own behalf, he was faced with the choice of not referring to the informant by name and permitting the trial to proceed on a public basis or having the courtroom closed so that he could freely testify and use the name of the informant. Although he chose the latter alternative, this cannot be regarded as a waiver of his right to a public trial (US Const, 6th, 14th Amdts). The court did not conduct an evidentiary hearing or make any other independent inquiry as to whether the application to close the courtroom was meritorious. The only reason for exclusion offered by the People was the statement of the District Attorney that because of the nature of the work in which the informant happened to engage, he may be in danger. Whether the confidential informant still retained that status or whether in fact he was fearful for his own well-being was not disclosed on the record. Two police officers testified that they had told the informant that he would not have to testify at the trial and one officer told the informant that his name would not be used. The informant's identity was known throughout by defendant and his counsel, who had the informant's home address and telephone number and who had interviewed the informant with the consent of the District Attorney, who produced the informant for the interview during the course of the trial. It should be noted that when the District Attorney first brought in the informant so that defense counsel could interview him, counsel was not available, and so the court asked the informant to return over the weekend, on a Monday morning, which the informant did. It does not appear that the informant expressed any fear or concern over these arrangements. The right to a public trial is of constitutional origin and the right to a fair trial is of constitutional proportion (*People v Crimmins,* 36 NY2d 230). Although the right to a public trial is subject to the inherent power of the trial court to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and generally to further the administration of justice (*People v Jelke,* 308 NY 56), the exclusion order here did not rest on such considerations. "Although a court in the exercise of discretion may suspend the right of a defendant to a public trial (see, e.g., *People v Smallwood,* 31 NY2d 750; *People v Hinton,* 31 NY2d 71, 73; *People v Jelke,* 308 NY 56, 63), such action must be warranted by compelling or unusual circumstances (*People v Hinton, supra,* pp 75-76; *Matter of Gannett Co. v Mark,* 54 AD2d 818, 819), even where the public is excluded for a relatively brief period during a trial (*People v Garcia,* 51 AD2d 329, affd 41 NY2d 861). It is well settled that the improper denial of a defendant's right to a public trial requires reversal of his conviction despite the absence of an affirmative showing of prejudice (*People v Jelke, supra; People v Boyd,* 59 AD2d 558; *People v Morales,* 53

AD2d 517; *People v Richards,* 48 AD2d 792; *People v Tillery,* 36 AD2d 928)." *(People v Ludolph,* 63 AD2d 77, 83.) Before the exception to the norm of a public trial is justified, there should be a factual showing of the necessity for such exception *(People v Jones,* 47 NY2d 409, cert den 444 US 946). The right of a public trial without a sufficient showing of unusual circumstances which necessitates a departure from this concept constitutes the denial of a fair trial which is impervious to harmless error analysis *(People v Jones, supra).* Nor is a showing of prejudice required to establish that defendant has been harmed. "To require the defendant to undertake the well-nigh impossible task of proving prejudice would render the right to a public trial illusory and beyond appellate review on that basis". *(People v Jones, supra,* p 417). The People's argument that closure here is permissible because of defendant's failure to show that any particular person desired or was requested to be present at the trial, citing *People v Ludolph (supra)* and *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430) is without merit. Nothing in the Sixth Amendment of the United States Constitution, section 4 of the Judiciary Law or section 12 of the Civil Rights Law suggests the imposition of any such condition on the right to a public trial anymore than permitting certain selected persons to attend a trial to the exclusion of the public at large satisfies defendant's right to a public trial. (See *People v Jelke, supra,* p 65.) All concur, except Witmer, J., who dissents and votes to affirm the judgment. (Appeal from judgment of Monroe County Court—criminal sale of a controlled substance, third degree.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.