■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEE DAWSON, Appellant. — Judgment affirmed. Memorandum: We find no reversible error in the court's failure to specify its reasons for exercising its discretion in making the order of exclusion. We note that defendant made no request for a hearing and voiced only a general objection to the court's ruling. Moreover,

this was a trial of a rape charge in which the Legislature has given the trial court discretion to exclude persons not directly interested (Judiciary Law, § 4; see *People v Pollock,* 50 NY2d 547, 550). We have considered the other grounds raised by defendant and find them to be without merit. All concur, except Doerr and Denman, JJ., who dissent and vote to reverse the judgment and grant a new trial in an opinion by Denman, J.

Denman, J. (dissenting). The majority hold that the unexplained exclusion from the courtroom of everyone except the press did not deprive defendant of his Sixth Amendment right to a public trial. We disagree. The fundamental right to a public trial is so deeply ingrained in our jurisprudence as to require no explication. Indeed, so pervasive is its nature that it is guaranteed not only to an accused (US Const, 6th Amdt; Civil Rights Law, § 12) but may be asserted by the public and the press (Judiciary Law, § 4; *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 437; *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, affd 443 US 368). "Public trials, of necessity, serve a twofold purpose. They safeguard an accused's right to be dealt with fairly and not to be unjustly condemned *(Estes* v. *Texas,* 381 U.S. 532, 539; 1 Cooley, Constitutional Limitations [8th ed], p. 647) and concomitantly, serve to instill a sense of public trust in our judicial process by preventing the abuses of secret tribunals as exemplified by the Inquisition, Star Chamber and *lettre de cachet (Matter of Oliver,* 333 U.S. 257, 270, n. 24; *Lewis* v. *Peyton,* 352 F. 2d 791, 792 [4th Cir.]; *United States* v. *Lopez,* 328 F. Supp. 1077, 1087 [EDNY]." *(People v Hinton,* 31 NY2d 71, 73.) Fundamental though it may be, such right is not absolute. A trial court may, in the proper exercise of discretion, suspend that right and close the trial to the public *(People v Doty,* 73 AD2d 802). Such discretion extends to a variety of situations, each with its own legal underpinnings. Courts may order closure for certain pretrial hearings in order to guarantee a defendant's constitutional right to a fair trial *(Gannett Co. v De Pasquale,* 443 US 368, *supra; Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, *supra).* They may so order under their inherent power to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and generally to further the administration of justice *(People v Jones,* 47 NY2d 409, cert den 444 US 946; *People v Jelke,* 308 NY 56). Further, section 4 of the Judiciary Law provides for exclusion of the public, in the court's discretion, as follows: "The sittings of every court within this state shall be public, and every citizen may freely attend the same, except that in all proceedings and trials in cases for divorce, seduction, abortion, rape, assault with intent to commit rape, sodomy, bastardy or filiation, the court may, in its discretion, exclude therefrom all persons who are not directly interested therein, excepting jurors, witnesses, and officers of the court." In all cases, however, a public trial is the norm and an improper denial of a defendant's right to a public trial requires reversal of his conviction despite the absence of a demonstration of prejudice *(People v Jones, supra; People v Doty, supra).* An order of closure must be warranted by compelling or unusual circumstances *(People v Hinton,* 31 NY2d 71, 75-76, cert den 410 US 911, *supra; People v Doty, supra)* and there must be a sufficient factual showing of such circumstances spread on the record. "[N]o closing can be tolerated that is not preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons." *(People v Jones, supra,* pp 414-415.) In the instant case, there was no demonstration on the record of any compelling or unusual circumstances prior to the order of closure. The record reveals only a brief colloquy in which the Assistant District Attorney requested that the court exclude all spectators during the direct and cross-examination of the complainant. In response to defense counsel's opposition, the court stated that although all spectators would be excluded, the ban

would not apply to representatives of the press "in order to guarantee [defendant's] right to an open trial." Regardless of whether members of the press were, in fact, present, and the record is silent on this point, exclusion of the public with the exception of a select class is insufficient to insure a defendant's right to open proceedings *(People v Jelke,* 308 NY 56, 66, *supra; People v Doty,* 73 AD2d 802, 803, *supra).* Under the majority view, closure would be permissible in any case enumerated in section 4 of the Judiciary Law, without requiring the court to articulate the reasons for such action. The mere fact that the case involves a charge of rape, for instance, would trigger the exercise of the court's discretion to exclude the public. Thus closure, not public trial, would be the norm in such cases. Surely that is neither desirable nor the intent of the statute. To the contrary, the clear thrust of the statute is to insure public proceedings, not to provide means for exclusion. Exclusion of spectators during the testimony of the victim of an alleged rape may, of course, be justified in some instances. The Supreme Court has recognized that, short of homicide, rape is the "'ultimate violation of self'" and is characterized by an "almost total contempt for the personal integrity and autonomy of the female victim" *(Coker v Georgia,* 433 US 584, 597). There are certainly many situations in which those with only a prurient interest in the testimony should be excluded in order to protect the victim from untoward embarrassment and loss of dignity (see *United States ex rel. Latimore `v Sielaff,* 561 F2d 691). The testimony of complainant in the instant case, however, does not reveal the need for closure. She was a 29-year-old married woman of average intelligence who related the incident without apparent difficulty. Nor were the facts of such lurid character as to warrant protection of the witness from emotional trauma or of the public from salacious testimony (see *People v Jelke, supra).* That is not to say that the complainant was not embarrassed or reluctant to recount openly the facts pertaining to the charge. That, however, is true in most rape cases and is not a sufficiently compelling reason to support a suspension of a constitutional right over defendant's objection (see *Tanksley v United States,* 145 F2d 58; cf. *United States ex rel. Latimore v Sielaff,* 561 F2d 691, *supra).* It is only when the People assert compelling reasons for closure and the court makes a determination of the necessity therefor, on the record, that a defendant may intelligently oppose the application in the first instance and an appellate court may pass on the propriety of the discretionary ruling. A departure from that procedure constitutes a denial of a fair trial and may not be considered harmless error *(People v Jones, supra; People v Doty, supra,* p 803). *People v Pollock* (50 NY2d 547) does not require a different result, inasmuch as in that case the People made a statement, albeit conclusory in nature, of circumstances which, if sufficiently established, would permit the exclusion of the public (see *People v Jones,* 47 NY2d 409, *supra; People v Hinton,* 31 NY2d 71, *supra)* and defense counsel indicated a degree of acquiescence (cf. *People v Cuevas,* 50 NY2d 1022). (Appeal from judgment of Monroe Supreme Court, Boehm, J. — rape, first degree, etc.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Schnepp, JJ.