■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. MORIN, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon convictions for murder, robbery and burglary on the grounds among others, that the trial court erred in closing the courtroom during the trial testimony of his girlfriend and in conducting proceedings to arraign and release the girlfriend as a material witness in the absence of defendant or his counsel. Defendant also contends that a new trial is required because of judicial bias, prosecutorial misconduct, various pretrial and trial rulings and because the evidence did not establish defendant's guilt beyond a reasonable doubt. On May 3, 1976, a cabdriver was found brutally murdered in his Syracuse home. Defendant admitted his involvement in the crimes to his girlfriend, who became the prosecution's key witness. Her lawyer and the prosecutor joined in a motion to close the courtroom during her testimony on the ground that she was afraid of reprisals from defendant's two accomplices, who were still at large. A court has inherent power to close proceedings to protect a witness whose safety may be jeopardized by her trial testimony (*People v Hinton,* 31 NY2d 71, cert den 410 US 911; *People v Hagan,* 24 NY2d 395, cert den *sub nom. Hayes v New York,* 396 US 886; *People v Jelke,* 308 NY 56, 63). Here the trial court closed the courtroom based upon its observation that the witness was "terrified" and in "complete and utter desperation"; upon statements by her attorney, the prosecutor and a police investigator that the two accomplices were dangerous; and upon evidence that the witness had recently attempted suicide due to anxiety over the trial. The record indicates that the court's inquiry was full and fair and "careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" (*People v Jones,* 47 NY2d 409, 414-415, cert den 444 US 946; cf. *People v Cuevas,* 50 NY2d 1022; *People v Doty,* 73 AD2d 802). The trial court's decision to close the courtroom was based on a factual showing of necessity and was not an abuse of discretion (*People v Hagan, supra*). A defendant has no right to be present at a material witness proceeding because it is the witness, not the defendant, who "possesses all the rights" (CPL 620.40, subd 1). The trial court properly denied defendant's motion to suppress identification testimony because he failed to state the grounds for his belief that the witness viewed photographs of him prior to the

lineup (see *People v Alexander,* 88 AD2d 749). The court's *Sandoval* ruling was a proper exercise of discretion because the challenged rulings concerned crimes which were not so similar or so remote (see *People v Ellis,* 94 AD2d 652), as to prejudice the defendant. Further, there is no evidence in the record of judicial bias or prosecutorial misconduct. Finally, although the trial court's evidentiary rulings were less than perfect, particularly with regard to testimony based upon a scientific study concerning the probability of defendant's hair sample matching hair recovered from the victim's cab, these errors were harmless in view of the overwhelming proof of defendant's guilt (*People v Crimmins,* 36 NY2d 230). We have considered defendant's other contentions and find them lacking in merit. (Appeal from judgment of Onondaga County Court, Gale, J. — murder, second degree, and other charges.) Present — Dillon, P. J., Boomer, Green, Moule and Schnepp, JJ.