■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART R. KRAMER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rosenberger, J.), rendered June 11, 1985, convicting him of conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's claim of repugnancy in the verdict was waived for failure to object to the verdict prior to the discharge of the jury *(see, People v Satloff,* 56 NY2d 745; *People v Hamilton,* 121 AD2d 395; *People v Johnson,* 121 AD2d 397).

The defendant's contentions relative to the prosecutor's refusal to grant Walter Cox transactional immunity are meritless. The record demonstrates that at most Cox was a facilitator, observer and informer *(see, People v Sapia,* 41 NY2d 160,

166, *cert denied* 434 US 823). Therefore, it was within the prosecutor's discretion not to request that Cox receive transactional immunity when Cox made it known to the court that if called to testify he would assert his privilege against self-incrimination *(see, People v Owens,* 63 NY2d 824, 825; *People v Arroyo,* 46 NY2d 928, 930).

The defendant also claims that the fact that Cox gave a statement to the prosecutor concerning his involvement in this case for which the prosecutor granted him use and derivative use immunity (also known as testimonial immunity) required that Cox testify notwithstanding his invocation of the privilege against self-incrimination. The defendant misapprehends the law.

A witness may be required to answer a question or questions notwithstanding the witness' invocation of his privilege against self-incrimination only when granted transactional immunity by a court at the request of a prosecutor. Transactional immunity, which is the only immunity which a court is statutorily empowered to grant, cloaks a witness so immunized with protection from prosecution for any matter discussed by the witness within the scope of the court proceedings *(see,* CPL 50.10, 50.30; *People v Chin,* 67 NY2d 22, 33, n 4).

Here the prosecutor did not improperly exercise his discretion in refusing to request that Cox be granted transactional immunity by the trial court. Without that request, the trial court could not grant Cox transactional immunity nor require him to testify as to the matters for which he exercised his privilege against self-incrimination. Therefore, the grant of testimonial immunity to Cox by the prosecutor did not require him to testify at the defendant's trial.

Although Assistant Special Prosecutor Bagliebter was involved in the investigation of the defendant before trial, we find that his trying the case on behalf of the People was not improper under the facts of this case. His actions did not violate the rules against advocate-witnesses or unsworn witnesses *(see, People v Paperno,* 54 NY2d 294, 300, 302).

The defendant's sentence was properly imposed and we find no reason under the facts of this case to substitute our discretion for that of the sentencing court *(see, People v Suitte,* 90 AD2d 80, 85-86).

We find the defendant's remaining contentions to be without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.