■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 14, 1983.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER LA PELLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered October 23, 1984, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim of repugnancy in the verdict was waived for failure to object to the verdict prior to the discharge of the jury (see, People v Alfaro, 66 NY2d 985; People v Stahl, 53 NY2d 1048; People v Kramer, 123 AD2d 786, lv denied 69 NY2d 713). Even had this issue been properly preserved for appellate review, we would reject the defendant's argument that his acquittal on the robbery counts renders his convictions of burglary and felony murder inconsistent. As declared by the Court of Appeals in People v Tucker (55 NY2d 1, 4, rearg denied 55 NY2d 1039): "When

there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury. Review of the entire record in an attempt to divine the jury's collective mental process of weighing the evidence is inappropriate." As we find that the court correctly charged the jury that robbery and burglary were separate and independent crimes, the jury's acquittal as to the robbery counts did not vitiate the jury's findings of guilt as to the other counts. A guilty verdict on one count should only be set aside as repugnant if it is inherently inconsistent with a verdict of not guilty on another count, and when the crimes charged in one count contain the same elements as the other count (see, People v James, 112 AD2d 380; People v Rivera, 112 AD2d 327).

With respect to the defendant's remaining contentions, we note that no timely objection was made and therefore they are not preserved for appellate review (CPL 470.05 [2]; People v Contes, 60 NY 620). In any event, the court was not under a duty to marshal the evidence (see, CPL 300.10 [2]; People v Culhane, 45 NY2d 757, cert denied 439 US 1047; People v Linton, 64 NY2d 665) and the prosecutor's comments did not exceed "the broad bounds of rhetorical comment permissible in closing argument" (People v Galloway, 54 NY2d 396, 399). A review of the record clearly indicates that the defendant's counsel's representation did not fall below the standard of "meaningful representation" articulated in People v Baldi (54 NY2d 137, 147); therefore his pro se claim of denial of due process by virtue of inadequate representation cannot succeed. Even if the defendant's allegations of error had been raised at trial and thus preserved, the outcome would remain unchanged. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.