■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROBERTS, Appellant.—Judgment unanimously affirmed. Memorandum: The court did not abuse its discretion in closing the courtroom to spectators during the testimony of the rape victim (see, Judiciary Law § 4). The charges involved sordid, demeaning acts and required embarrassing testimony. The court was informed that the victim was tense and would be more comfortable testifying in private (see, People v Joseph, 59 NY2d 496, 498-499; People v Pasko, 115 AD2d 114, 115, lv denied 67 NY2d 887). Although it would have been preferable for the court to conduct a hearing on the closure issue, none was required and the court's inquiry of counsel was sufficient under the circumstances presented (cf., People v Jones, 47 NY2d 409, 414, cert denied 444 US 946). The court properly denied defendant's motion to set aside the verdict because there was no showing of juror misconduct or outside influence (see, CPL 330.30 [2]; People v Brown, 48 NY2d 388, 393; People v De Lucia, 20 NY2d 275; People v Rhodes, 92 AD2d 744). The court did not abuse its discretion in permitting interruption of the victim's testimony and, in any event, defendant has not established any prejudice from the court's ruling (see, People v Olsen, 34 NY2d 349, 353; People v Cook, 128 AD2d 948, 950, lv denied 70 NY2d 644). (Appeal from judgment of Monroe County Court, Maloy, J.—rape, first degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.