FOURTH DEPARTMENT, DECEMBER, 1989

(December 20, 1989)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LABENSKI, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of sodomy in the first degree (Penal Law § 130.50 [1]), rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), and burglary in the second degree (Penal Law § 140.25 [2]) arising out of the forcible rape and sodomy of a 17-year-old girl in her home in the City of Syracuse on October 13, 1983. Defendant was previously convicted of these same charges but, on a prior appeal, we reversed and granted defendant a new trial (see, People v Labenski, 134 AD2d 907).

Prior to the retrial, it was discovered that the police had destroyed certain physical evidence, including the sheets taken from the victim's bed and the clothing that she was wearing at the time of the alleged incident. Defendant argues that the People's failure to preserve the evidence deprived him of an opportunity to prove that none of the items was torn and that, therefore, no force was used against the victim. We disagree. Defendant called a forensic chemist, employed by the Syracuse Police Department Crime Lab, who testified that she had examined the clothing and the bed sheets and that none of the items was ripped. We conclude, therefore, that the admission of the missing evidence would not have altered the outcome of defendant's trial (see, People v Howard, 127 AD2d 109, 113, lv denied 70 NY2d 648; cf., People v Pugh, 107 AD2d 521, 529-532, lv denied 65 NY2d 985).

We find that if there was error in the court's ruling that the victim could not be cross-examined about her prior sexual conduct (see, CPL 60.42), it was harmless. We also find that the trial court did not abuse its discretion in closing the courtroom to spectators during the testimony of the victim (see, Judiciary Law § 4). The charges involved sordid, demeaning acts and required embarrassing testimony. Although it would have been preferable for the court to conduct a hearing on the closure issue, none was required and the court's in-

quiry of counsel was sufficient under the circumstances presented *(see, People v Roberts,* 151 AD2d 1028; *cf., People v Jones,* 47 NY2d 409, 414, *cert denied* 444 US 946).

We have reviewed the other issues raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Auser, J.— sodomy, first degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.