THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HILL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered November 13, 1985, convicting him of rape in the first degree, sexual abuse in the first degree (two counts), and burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that because he was acquitted of sodomy in the first degree, the verdict was repugnant warranting reversal of the judgment of conviction. We disagree.

It is well established that a claim that a jury verdict is inconsistent or repugnant is not preserved for appellate review unless an objection is raised before the jury is discharged, at which time it is still possible to resubmit the matter to the jury *(see, People v Alfaro,* 66 NY2d 985, 987; *People v Satloff,* 56 NY2d 745; *People v Smith,* 144 AD2d 505; *People v La Pella,* 135 AD2d 735). Because the defendant did not raise a claim of repugnancy prior to the discharge of the jury, the issue has not been preserved for appellate review.

In any event, the defendant's claim of repugnancy is without merit. The court correctly charged the jurors that in order to find the defendant guilty of sodomy in the first degree they must find that the defendant, through forcible compulsion and without the complainant's consent, engaged in deviate sexual conduct. Neither sexual abuse nor rape requires proof of deviate sexual conduct *(see,* Penal Law § 130.00 [1], [2]; § 130.35 [1]; § 130.50 [1]; § 130.65 [1]). Accordingly, the acquittal on the sodomy count is not inconsistent with the guilty verdict on the rape and sexual abuse counts *(see, People v Tucker,* 55 NY2d 1, 4; *People v La Pella, supra,* at 736; *see also, People v Green,* 71 NY2d 1006).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We also reject the defendant's contention that reversal is warranted notwithstanding that the court precluded defense counsel from cross-examining the complainant about her having genital herpes and about her sexual history. Although a hearing arguably should have been held by the trial court to determine whether such evidence was admissible, the failure to do so was harmless *(see, People v Labenski,* 156 AD2d 924; *People v Westfall,* 95 AD2d 581).

We have considered the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.