■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Isaiah Clemons, Appellant.—Judgment reversed on the law and a new trial granted. Memorandum: Closure of the courtroom during the complainant's testimony deprived defendant of his constitutional and statutory right to a public trial (US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4). Although the Legislature has provided for the discretionary exclusion of the public in rape cases (Judiciary Law § 4), the court's bare reliance on that section is an insufficient predicate for closure (see, People v Jelke, 308 NY 56). In People v Jones (47 NY2d 409, 414-415, cert denied 444 US 946), the court stated that closure must be preceded by careful inquiry to insure that defendant's right to a public trial is not sacrificed for less than compelling reasons.

Here, the Trial Judge closed the courtroom over defendant's objection solely upon the prosecutor's statement that closure was necessary "due to the nature of [complainant's] testimony". That statement merely indicated that this was a rape case, and was insufficient to inform the court of factors that might support a closure determination. For example, in our recent case of People v Roberts (151 AD2d 1028, lv denied 74 NY2d 817), although not articulated in our memorandum decision, it was determined that the trial court properly closed the courtroom after inquiry revealed that the victim had been threatened and that she was unwilling to testify unless the courtroom was closed.

Where, as here, the court failed to conduct an inquiry into relevant factors and failed to articulate a reason for its decision to close the courtroom to the public, there must be a reversal even though no prejudice is demonstrated (see, People v Jones, 47 NY2d 409, 415-417, supra; People v Baldwin, 130 AD2d 666). To the extent that our decision in People v Dawson (84 AD2d 957, lv denied 57 NY2d 958, cert denied 458 US 1112) can be read as excusing the need for an explanation of the reasons for closure and as authorizing closure merely because the case is a type listed in Judiciary Law § 4, that decision will no longer be followed.

There is no merit to defendant's contention that the proof was legally insufficient to support his conviction for kidnapping in the second degree (see, People v Dodt, 92 AD2d 1063, revd on other grounds 61 NY2d 408; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 135.00). Because a new trial is granted, we do not address the remaining issues raised on appeal.

All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). I cannot agree with the majority view that the trial court failed to conduct a proper inquiry and failed to articulate a reason for its decision to close the courtroom to the public in this rape trial. The record reveals that prior to the complainant testifying the following colloquy took place:

"THE COURT: Ms. Dougherty, it's my understanding you're going to make application to close the Court Room to the public during the testimony of the victim in this case, is that correct, ma'am?

"MS. DOUGHERTY: Yes, Your Honor.

"THE COURT: And *that's as a result of her request to have that done?*

"MS. DOUGHERTY: *Yes,* Your Honor, *she has made that request,* that *she would ask the Court to keep the Court Room closed because of the nature of her testimony.*

"THE COURT: Mr. Cognetti?

"MR. COGNETTI: I would oppose that, Judge. I'm certainly in favor of that procedure when there is a young child who is a victim, or when the rape is something that allegedly occurred between two total strangers. I don't think that's the case here. Both the individuals certainly are adults, and I think that the public has a right to hear and see the workings of this trial.

"THE COURT: I'm going to close the Court Room down." (Emphasis added.)

Judiciary Law § 4 allows a court, in its discretion, to close the courtroom in a rape or sodomy case. The Court of Appeals has recognized that the trial court's limited closure of the courtroom during the testimony of a complainant in a rape case does not constitute an abuse of discretion or a denial of defendant's right to a public trial *(People v Glover,* 60 NY2d 783, 785, *cert denied* 466 US 975; *People v Joseph,* 59 NY2d 496, 498-499). Our court has likewise consistently adhered to such a view *(see, e.g., People v Labenski,* 156 AD2d 924; *People v Roberts,* 151 AD2d 1028, *lv denied* 74 NY2d 817; *People v Salcedo,* 98 AD2d 961, *cert denied* 467 US 1229; *People v Dawson,* 84 AD2d 957, *lv denied* 57 NY2d 958, *cert denied* 458 US 1112). Here, although the court made only a limited inquiry, it is apparent from the record that the court ordered limited closure of the courtroom during the testimony of the rape victim because of the sensitive nature of her testimony. Where, as here, defendant made no request for a hearing and voiced only a general objection to the court's ruling, the trial court's limited closure of the courtroom during the testimony

of the complainant was not an abuse of discretion. Because the majority view cannot be reconciled with the well-established precedent in this area, including the prior decisions of our court, I cannot subscribe to it and would vote to affirm. (Appeal from judgment of Onondaga County Court, Mulroy, J. —rape, first degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lowery, JJ.