Memorandum. The order of the Appellate Division should be affirmed.
We have examined the entire record of this case in a practical frame, particularly those portions showing that at the time the jury returned its first verdict, acquitting on the weapons charge and finding defendant guilty of manslaughter, it misunderstood the possession element of the weapons charge and disagreed over the intent to kill element of the manslaughter charge. The weapons charge was foreclosed from reconsideration by the acquittal, but since at least some of the jurors had mistaken the law on intent, the Trial Judge properly sent the jury back to reconsider its verdict of guilty of manslaughter, pursuant to the then effective section 447 of the Code of Criminal Procedure. After reconsideration, the jury again returned a verdict of guilty of manslaughter.
We could find the jury’s verdicts reversibly inconsistent, or “ repugnant ”, only in a logical vacuum, for the record is utterly devoid of any indication that the jury’s acquittal on the weapons charge, an essential element of which was intent to use unlawfully, represents a finding of lack of intent to use the gun unlawfully at the time of the shootings. The record clearly shows that the jury did not understand the continuing nature of the possession element and grounded its acquittal on its finding that at the time defendant acquired the gun he did not intend to use it unlawfully. As a consequence, the issue of intent to kill necessary to the finding of guilty of manslaughter was not resolved in defendant’s favor by the weapons acquittal. The verdicts are rationally reconcilable on this record and may stand ' together.
*641 We have considered defendant’s other contentions and find them without merit.
Concur: Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens.
Order affirmed in a memorandum.