*4 OPINION OF THE COURT
Chief Judge Cooke.
When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury. Review of the entire record in an attempt to divine the jury’s collective mental process of weighing the evidence is inappropriate.
Defendant was convicted on two counts of robbery and one count of possession of a loaded handgun. He was acquitted on two other counts of robbery. Defendant proposes that if all the verdicts were reviewed, it would be clear that the jury acted inconsistently and that the trial court should have vacated the two robbery convictions in addition to the possession conviction that was vacated.
The essence of the prosecution’s case was that defendant, his brother Willie, and another man entered the house of Ann Johnson and robbed her at gunpoint. Johnson identified defendant as the one who wielded the gun during the robbery. Police Officer Martin Lauchlan was on patrol when he saw three men run out of Johnson’s house, followed by a woman screaming for help. Lauchlan gave chase and managed to arrest Willie, who was found to have a loaded revolver in his front pocket. Willie provided defendant’s name and stated that the defendant had placed the gun in his pocket while they fled Johnson’s residence. The defendant was subsequently arrested at his home, where he volunteered the statement “You ain’t got nothing on me, you got the gun from Willie.” The seized revolver was tested and found operable.
Defendant presented evidence to show that it was not he, but the third man, who displayed the gun during the robbery and then placed it in defendant’s brother’s pocket.
Defendant was indicted as principal and accomplice on six counts, all of which were submitted to the jury. The counts charged and their material essential elements were:
*5 Count Charge Elements
1 Robbery, First Degree Forcibly Steals Armed with Property a Deadly Weapon
2 Robbery, First Degree Forcibly Steals Used or Property Threatened Use of a Dangerous Weapon
3 Robbery, First Degree Forcibly Steals Displayed What Property Appeared to be a Handgun
4 Robbery, Second Degree Forcibly Steals Aided by Another Property Person Actually Present
5 Grand Larceny, Third Degree Steals Property Taken From Person of Another
6 Criminal Possession of Weapon, Third Degree Possession of Loaded Firearm
Defendant was convicted on counts 3, 4 and 6, and acquitted on counts 1 and 2. He moved to set aside the guilty verdicts as repugnant to the acquittals on counts 1 and 2. As the jury had been instructed not to reach a verdict on count 5 if they convicted on any of the first four counts, no claim of repugnancy was made on the basis of that differing result.
Supreme Court ruled that there was no repugnancy between the verdicts on counts 1 through 4, but that a guilty verdict on count 6 was repugnant to acquittal on counts 1 and 2. The trial court reasoned that each of the robbery counts involved different elements so that one could be found guilty or not guilty on the various charges without any inconsistency. However, that court continued, it is illogical to acquit on the first two robbery counts, but find that the defendant possessed a loaded handgun at the time. Consequently, the jury’s verdict was sustained except as to count 6, which was set aside. The Appellate Division unanimously affirmed, without opinion.
On appeal, defendant argues that the jury’s acquittal on the first two counts, when considered with the conviction on the sixth count, must have been based on a determination that no “forcible stealing” occurred. On this foundation, the verdicts on counts 3 and 4 would have to be rejected as an essential element of each crime would have been negated. Defendant’s argument is not persuasive.
*6 The problem of repugnant, or inconsistent, verdicts has long plagued the common law. Many jurisdictions precluded any judgment of conviction if the verdicts were inconsistent (see Comment, Inconsistent Verdicts in a Federal Criminal Trial, 60 Col L Rev 999, 1001, and ns 12-15). American courts have divided on the question, with the majority accepting that the conviction is valid, albeit inconsistent (id., at pp 1001-1002, and ns 16-18).
Whether verdicts are described as “repugnant” or “inconsistent” is substantively inconsequential and so the two terms are used interchangeably here.[1] The critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all. Allowing such a verdict to stand is not merely inconsistent with justice, but is repugnant to it.
The genesis of repugnancy problems lies in the submission to the jury of alternative theories of guilt, in the form of different counts, based upon the same evidence. The problem often occurs when the jury convicts the defendant on one count and acquits on another, but the verdicts are illogical when viewed in light of the proof adduced. The difficulty stems from the jury’s implicit finding that the essential elements of one crime were proven, while one or more of the same elements were not proven for the other crime.[2]
There exist two approaches for determining whether jury verdicts are repugnant.[3] The first would have the court review the record in toto so as to consider all the evidence and discover the underlying basis of the jury’s determination, whereupon the reviewing court can determine the logic or illogic of the verdicts and remedy the repugnancy when it exists. The second approach is more *7 limited, looking to the record only to review the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered (see Wax, 24 NY L School L Rev, at pp 740-742).
There is a compelling policy reason for preferring the second method of analysis. The first approach, by its very nature, requires the court to intrude into the jury’s deliberative process by speculating on how the jury perceived and weighed the evidence. The court’s reluctance to do so is generally reflected by limiting attacks on jury verdicts to showing improper influence, while excluding for purpose of impeachment “proof of the tenor of [the jury’s] deliberations” (People v Brown, 48 NY2d 388, 393). The problems of second-guessing are compounded by the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy (Dunn v United States, 284 US 390, 393-394; People v Berkowitz, 50 NY2d 333, 346). When the jury has decided to show lenity to the defendant, an accepted power of the jury (see Dunn v United States, 284 US 390, supra; Bickel, Judge and Jury — Inconsistent Verdicts in the Federal Courts, 63 Harv L Rev 649, 651-652), the court should not then undermine the jury’s role and participation by setting aside the verdict.
Thus, the record should be reviewed only as to the jury charge.[4] Even that review of the jury charge will be restricted in its scope. It does not contemplate a consideration of the accuracy of the charge (see Wax, 24 NY L School *8 L Rev, at pp 740-741). The instructions to the jury will be examined only to determine whether the jury, as instructed, must have reached an inherently self-contradictory verdict.[5]
Proceeding to the case now before this court, defendant’s convictions for robbery can be affirmed only if there was a basis for distinguishing among the various “weaponry” elements of counts 1, 2, 3 and 6. These elements are set forth in the following chart:
Count Element Definition
1 “Armed with a deadly weapon” Weapon used was loaded and capable of being fired (Penal Law, § 10.00 subd 12)
2 “Used or threatened use of dangerous instrument” Under the circumstances in which it is used, attempted to be used, or threatened to be used, weapon is readily capable of causing death or serious physical injury (Penal Law, § 10.00, subd 13)
3 “Display of what appeared to be a handgun’ Self-explanatory; affirmative defense that gun is inoperable (Penal Law, § 160.15, subd 4)
6 “Possession of a loaded firearm” Operable gun; live ammunition in gun or held on person (Penal Law, § 265.00, subd 15)
The instructions to the jury closely matched the basic definitions provided above. The only material discrepancy was that the court did not explain that a conviction on the sixth count would be inappropriate unless the jury found that the gun was operable.
Once it begins its deliberations, the jury may freely reject evidence and exercise its mercy function. It could find, however illogically, that the gun’s capability to fire was not proven. Not having been instructed that the capability to fire is also ;an essential element of the possession *9 charge, there would be no inherent inconsistency in the acquittals on counts 1 and 2, both of which require a finding of operability, and the conviction on count 6.
As each count is treated separately with the varying burdens and degrees of proof being taken into consideration, there is no incompatibility between the verdicts on the issue of operability. In considering counts 1 and 2, the jury could conclude that the prosecutor failed to prove beyond a reasonable doubt that the gun was capable of firing, and therefore acquit. The jury could also conclude without self-contradiction that the People had carried its burden in proving that defendant displayed what appeared to be a handgun, necessary to count 3, but that defendant had failed to prove by a preponderance of the evidence that it was inoperable.[6]
Of course, in terms of the essential elements of the underlying charges, the verdicts on counts 1 and 6 are inconsistent when viewed in light of the convictions on counts 3 and 4. Implicit in the robbery convictions was a finding that defendant forcibly stole property. The acquittal on count 1, then, would require that the jury concluded that the prosecutor failed to prove that the gun was either loaded or operable. Thus, a conviction on count 6 would be legally inconsistent as the jury would have to have found that the gun was loaded and operable. As noted, however, the jury was not adequately apprised of the legal elements necessary to support a conviction on count 6 and thus no actual inconsistency is presented on this record. Defendant, therefore, was not entitled to dismissal of the robbery counts.[7]
Defendant also assigns error to the jury instructions. Defendant admittedly failed to object to the instruction at trial. Consequently, that issue is not preserved (People v Thomas, 50 NY2d 467).
Accordingly, the order of the Appellate Division should be affirmed.
*10 Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

. Some have distinguished between “repugnancy” and “inconsistency” by the extent to which the essential elements of the crimes charged are identical (see People v Bullis, 30 AD2d 470, 472; Wax, Inconsistent and Repugnant Verdicts in Criminal Trials, 24 NY L School L Rev 713, 716-717).

. For example, a defendant is charged with two crimes: charge 1 requires proof of elements A, B and C; charge 2 requires proof of elements A, B, C and D. A conviction on charge 2 would be repugnant to an acquittal on charge 1 as the latter verdict would necessarily involve a finding that at least one of the essential elements of charge 2 was not proven.

. It should also be noted that what is involved in the instant case is only the situation where a jury renders inconsistent verdicts. Different considerations may be *7 present when the trier of fact is the Judge (see United States v Maybury, 274 F2d 899; Comment, 60 Col L Rev, at pp 1006-1007; Wax, 24 NY L School L Rev, at p 736, and n 88). As the issue is not now before this court, there is no occasion to consider it.

. In enunciating this rule, the court is not making any departure from its prior practice. In People v Haymes (34 NY2d 639, cert den 419 US 1003), the trial record was reviewed to determine “that the jury did not understand” a portion of the charge (34 NY2d, at p 640). And in People v Carbonell (40 NY2d 948), the conviction was vacated and the indictment dismissed because “[t]he jury verdict was internally self-contradictory both logically and pursuant to the charge of the court”. Today’s decision only makes clear that review of the “entire record” (People v Haymes, supra, at p 640) is limited to a review of the jury instructions. Whatever the terminology used to characterize the verdict, whether inconsistent or repugnant or otherwise, the legal consequences are to be determined only on the basis of such review.

. Of course, this is not to say that the jury instruction will govern whether a conviction is proper without regard for the statutory elements of the crime. This, however, is a problem of proof, not repugnancy.

. Inasmuch as the jury was not instructed that criminal possession of a loaded firearm requires the gun to be operable, it must be deemed to have made no finding as to that element in convicting on count 6. Consequently, its decision on that count is not considered here.

. No appeal having been taken by the People as to the propriety of the dismissal of count 6, we do not pass on it.