■ The People of the State of New York, Respondent, v Frederick M. Van Casselle, Appellant.—Judgment, insofar as appealed from, unanimously reversed, on the law, sentence vacated and new trial granted. Memorandum: Defendant appeals from a judgment of conviction, after a jury trial, of the felony of driving with more than .10% of alcohol in his blood (Vehicle and Traffic Law § 1192 [2]). Defendant was also charged with a violation of Vehicle and Traffic Law § 1192 (3) (common-law driving while intoxicated). He was acquitted on this latter charge and convicted of the lesser included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]).

The arresting officers testified that they smelled alcohol on defendant's breath and administered a field sobriety test, which defendant failed (defendant touched his lower lip instead of his nose with his index finger and walked with a swaying gait). They also testified that defendant was coopera-

tive, produced his license and registration without difficulty, did not stumble or stagger, that his speech was normal, that his hands did not tremble and that a swaying gait by itself is not an indication of intoxication. After administering a breathalyzer test, it was determined that defendant had a blood alcohol content of .27%, substantially above the legal limit.

Defendant testified as to the quantity of alcohol he ingested on the day of his arrest and also testified that he successfully passed the field sobriety test. Defendant called Dr. Robert Greendyke, a former Monroe County Medical Examiner, who testified that a person whose blood alcohol content was .27% would be almost incoherent and visibly intoxicated to even the most casual observer, and that in his opinion the breathalyzer machine was not reliable.

Following the court's instructions to the jury, defendant requested the further charge that the jury had to "find beyond a reasonable doubt that the machine was reliable and/or that the result is accurate." The court responded "I intended to charge that. I don't think I did it accurately. Bring the jury back in." The court thereupon gave the following instruction to the jury: "[w]ith regard to the last count, ah, I mentioned the testimony of Dr. Greendyke. You must find that the machine and its test results were accurate. You may retire." When the court declined to further instruct the jury, defendant excepted.

We reverse. From the supplemental charge as given, the jury could have easily inferred that the court had instructed them to disregard Dr. Greendyke's testimony and that no question of fact existed concerning the accuracy of the test results.

That the charge created severe prejudice to the defendant is further heightened by the two verdicts rendered by the jury. While the verdicts are not necessarily repugnant (see generally, People v Tucker, 55 NY2d 1), the jury apparently credited defendant's evidence and resolved the factual conflicts in the testimony concerning the level of intoxication in favor of defendant in finding him not guilty of common-law driving while intoxicated.

The court sentenced defendant to serve four months in the Ontario County Jail, five years' probation, a $500 fine and revocation of his license. This sentence is within the permissible statutory limit for a conviction under Vehicle and Traffic Law § 1192 (2) (see, Vehicle and Traffic Law § 1192 [5]). The

court did not separately sentence defendant on his conviction for violation of Vehicle and Traffic Law § 1192 (1), nor has defendant appealed from this conviction. We note that our reversal here must result in the vacating of the sentence, which in any event exceeds the permissible limits for a conviction under this section. (Appeal from judgment of Ontario County Court, Reed, J.—driving while intoxicated.) Present—Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.