*844 OPINION OF THE COURT
John J. Fromer, J.
On February 14, 1986, defendant Alfano was acquitted by the jury’s verdict of all charges contained in this indictment. Defendant Carnazza was convicted upon count nine of the indictment, charging insurance fraud in the first degree in violation of Penal Law § 176.20, and acquitted of all other charges.
Defendant has moved to set aside the verdict finding him guilty of insurance fraud in the first degree, on the ground that it is repugnant to his acquittal upon count 12 of the indictment, charging attempted grand larceny in the second degree, in violation of Penal Law §§ 110.00, 155.35. This count arose out of the same transaction that formed the basis for count nine. The motion was made immediately after the verdict was received and the jury dismissed. The verdict was rendered in the evening hours after extended deliberations and the jury, while dismissed, was still in the area when the motion was made. The parties did not object to the court’s reservation on the motion without seeking to recall the jury or to take other corrective action. Justice requires that the motion be decided on the merits.
When there is a claim that repugnant jury verdicts have been rendered in response to a multiple count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury. The critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all. Allowing such a verdict to stand is not merely inconsistent with justice, but is repugnant to it. (People v Tucker, 55 NY2d 1.)
On a motion to set aside a jury’s verdict as repugnant, the court is not to speculate as to how the jury may have perceived and weighed the evidence. (People v Goodfriend, 64 NY2d 695; People v Tucker, supra.) The determination as to the repugnancy of the verdict is made solely on the basis of the trial court’s charge to the jury, and does not involve an analysis of the correctness of those instructions as a matter of law. (People v Hampton, 61 NY2d 963; People v Tucker, supra.)
From the transcript of excerpts of the proceedings in the above matter wherein the court reinstructed the jury concerning the elements of attempted grand larceny in the second *845 degree and insurance fraud in the first degree, it appears that the jury was instructed that the crime of insurance fraud is committed when the defendant commits a fraudulent insurance act and thereby wrongfully takes, obtains, or withholds, or attempts to wrongfully take, obtain or withhold property with a value in excess of $1,500. The jury was previously instructed that commission of a fraudulent insurance act includes as an essential element the intent to defraud.
Concerning the crime of attempted grand larceny, the jury was instructed that a person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime. Further, the instruction was given that the crime of grand larceny in the second degree is committed when a person steals property and when the value of the property exceeds $1,500. Previously, in its original charge, the court had instructed the jury that a person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.
In this case both counts at issue were based upon the alleged presentation of a false claim for a purportedly stolen motor vehicle. By their verdict acquitting defendant of attempted grand larceny, the jury found either (or both) (1) that it had not been proven beyond a reasonable doubt that the defendant intended to deprive the insurance company of property, or (2) that it had not been proven beyond a reasonable doubt that he had attempted to wrongfully take, obtain or withhold such property. By their verdict convicting defendant of insurance fraud, the jury found that it had been proven, beyond a reasonable doubt and concerning the same transaction, that the defendant committed a fraudulent insurance act with intent to defraud, and thereby at least attempted to wrongfully take, obtain or withhold property from the insurance company. The question is whether these findings are repugnant under the above standard.
The court holds that the verdict as received is repugnant. If the acquittal of attempted grand larceny rested in part on the jury’s finding of a failure to establish an attempt to wrongfully take, obtain or withhold property, then clearly such finding would necessarily negate an essential element of the crime of insurance fraud, as charged by the court. If, on the other hand, the acquittal rested on a failure to establish an *846 intent to defraud, then the question is whether such a finding necessarily negates a finding of an intent to steal, essential to a finding of guilt of attempted grand larceny.
This court respectfully declines to adopt the reasoning of the majority. opinion of the Second Department in People v Alfaro (108 AD2d 517), i.e., that the jury may have concluded the defendant intended to defraud the insurance company but did not intend to steal property. As pointed out by the dissent in that case, "[Tjhere does not appear to be any logical way that a person could engage in insurance fraud by knowingly and with intent to defraud submitting papers in support of a false claim for payment, without at the same time attempting to commit a larceny. That is, when one submits false papers in support of a claim for payment for his own benefit or that of another, he is concomitantly attempting to commit a larceny by wrongfully obtaining property by false pretenses from the insurer * * * Thus, even though the language of the statutes is not the same, the underlying meaning clearly coincides.” (People v Alfaro, 108 AD2d 517, 528-529 [Eiber, J., dissenting].)
Accordingly, the court holds that a finding by the jury that the People failed to prove as an element of the crime of insurance fraud that the defendant intended to defraud the insurance company would necessarily negate the essential element of an intent to steal required for conviction of attempted grand larceny concerning the same transaction.
The final possible ground on which to sustain the verdict is that the jury sought to exercise leniency toward the defendant in rendering its verdict. "While the exercise of mercy is within the prerogative of the trier of fact, this inherent power cannot be utilized at the expense of rendering repugnant verdicts.” (People v Alfaro, supra, at p 529 [Eiber, J., dissenting]; United States v Maybury, 274 F2d 899.) Accordingly, the verdict of guilty of the ninth count of the indictment is hereby set aside as repugnant, and the indictment against defendant Carnazza dismissed.