■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WHITMORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered October 29, 1984, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of evidence.

Judgment affirmed, and case remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

It was not error for the prosecution to question an alibi witness about her prior failure to come forward with exculpatory information as both the prosecutor and the court complied with all of the requirements set forth in *People v Dawson* (50 NY2d 311) in regard to such questioning.

Further, the prosecutor's comments during summation concerning the defendant's failure to produce an alibi witness were not improper as the defendant had, himself, come forward with affirmative evidence of an alibi defense. Therefore, his failure to call an alibi witness who was available, who, it may be inferred, had material information favorable to the defendant, and whose testimony would not be trivial or cumulative, was properly brought to the jury's attention *(see, People v De Jesus,* 42 NY2d 519, 525; *People v Wilson,* 64 NY2d 634; *People v Shaw,* 112 AD2d 958).

The court's charge to the jury concerning interested witnesses was not improper as it only instructed that the jury *could,* if it so wished, find defendant's alibi witnesses to be interested witnesses. The jury was also specifically told that "there is no legal presumption that an interested witness is lying to you and there is no legal presumption that a witness who has no apparent interest is telling you the truth". As such, this charge complied with the general principles that the whole subject of the interest of a witness and its effect upon his testimony is a question of fact for the jury and that a disinterested witness is not necessarily entitled to any more credit than an interested witness *(see, People v Gerdvine,* 210 NY 184, 186; *People v Jackson,* 80 AD2d 904).

As to the admissibility of testimony concerning the showup identification of the defendant, upon an examination of the record we find that the police had a reasonable suspicion

enabling them to stop and frisk the defendant and briefly detain him so that a witness or victim could be brought to the suspect's location for an immediate showup identification *(see, People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931; *People v Plunkett,* 56 AD2d 878).

As for the defendant's claim that the jury's acquittal of the defendant and his codefendant of attempted robbery in the second degree rendered its verdict convicting them of attempted robbery in the first degree repugnant, *People v Tucker* (55 NY2d 1, 6) has held that repugnancy exists "from the jury's implicit finding that the essential elements of one crime were proven, while one or more of the same elements were not proven for the other crime". *People v Tucker (supra,* at p 7), requires that, in making this determination, the reviewing court must only review the jury charge in the record: "so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered". The scope of such review is further limited to a determination of "whether the jury, as instructed, must have reached an inherently self-contradictory verdict" *(People v Tucker, supra,* at p 8).

In the instant case, the trial court quoted the Penal Law, stating:

" 'A person is guilty of Robbery in the 1st Degree when he forcibly steals property and when, in the course of the commission of the crime he or another participant in the crime displays what appears to be a shotgun' * * *

" 'A person is guilty of Robbery in the 2nd Degree when he forcibly steals property and when he is aided by another person actually present' " *(see,* Penal Law § 160.15 [4]; § 160.10 [1]).

As was declared in *People v Tucker (supra,* at p 6), "[t]he critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all." In the instant case, it is highly probable, based upon the evidence on record, that the jury did actually find that all the elements of attempted robbery in the first degree were present—especially as to the defendant Whitmore

who was said to have had the shotgun. The fact that both the defendant and his codefendant could also have been guilty of attempted robbery in the second degree but were instead acquitted on that charge, may simply mean that the jury decided to exercise mercy. *People v Tucker (supra)* acknowledges that juries will do this, although the resulting verdict will appear irrational and adds: "When the jury has decided to show lenity to the defendant, an accepted power of the jury * * * the court should not then undermine the jury's role and participation by setting aside the verdict" *(People v Tucker, supra,* at p 7).

We have reviewed the defendant's other claims and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.