■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FUNCHUS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered May 10, 1984, convicting him of official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The fact that the jury acquitted the defendant of bribe receiving in the second degree (see, Penal Law § 200.10), and of receiving unlawful gratuities (see, Penal Law § 200.35), did not preclude it from convicting him of official misconduct (see,

Penal Law § 195.00 [1]). The court's role in determining whether a verdict is repugnant is limited to a review of the jury charge "to ascertain what essential elements were described" to the jury, and thereupon to "determine whether the jury, *as instructed,* must have reached an inherently self-contradictory verdict", even if the charge is not accurate *(People v Tucker,* 55 NY2d 1, 7, 8 [emphasis supplied], *rearg denied* 55 NY2d 1039). In this case, the court instructed the jury that one of the elements of the crime of bribe receiving and of the crime of receiving unlawful gratuities was that the defendant "solicited, accepted *and* agreed to accept a benefit" (emphasis supplied), rather than solicited *or* agreed. The jury could have concluded that the defendant did not actually accept the money, but that he still committed an unauthorized act constituting official misconduct, for which he was convicted. Hence the verdict is not repugnant.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.