■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL AMAR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered December 2, 1985, convicting him of insurance fraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial, when viewed in a light most favorable to the People, was legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620). Moreover, upon an exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We further find the defendant's contention that the jury's verdict acquitting him of arson in the third degree and convicting him of insurance fraud in the first degree is repugnant, is without merit. Based on the evidence presented at trial, the jury could have reasonably determined that the prosecution did not prove beyond a reasonable doubt that the fire intentionally set by the defendant resulted in "damage" to the building, which factor was a necessary element of the crime of arson in the third degree (Penal Law § 150.10 [1]) as charged by the trial court (see, People v Tucker, 55 NY2d 1; People v Dercole, 72 AD2d 318, appeal dismissed 52 NY2d 956). This determination, however, was not inconsistent with the jury's further determination that the evidence established that the defendant intentionally set the fire in an attempt to obtain property in excess of $1,500 based on a fraudulent insurance claim and was thus guilty of the crime of insurance fraud in the first degree, as defined in the court's charge under Penal Law former § 176.20. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.