■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVESTER WELLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered May 27, 1986, convicting him of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in counts two and five of the indictment with criminal possession of cocaine with the intent to sell it. Accordingly, we find that the trial court properly admitted evidence of currency found on the defendant's person at the time of his arrest, since that testimony was relevant to the crimes charged *(see, People v Jones,* 138 AD2d 405, *lv denied* 71 NY2d 1028).

We note that the appropriate sanction to be imposed due to the People's failure to preserve discoverable material pursuant to CPL 240.20 rests within the sound discretion of the trial court *(see, People v Kelly,* 62 NY2d 516, 521; *People v Haupt,* 128 AD2d 172, *affd* 71 NY2d 929). Under the circumstances of this case, including the finding of no bad faith on the part of the People, the trial court did not improvidently exercise its discretion in giving an adverse inference charge as to certain discoverable material not preserved by the People rather than precluding all testimony as to these items, as requested by the defendant. Furthermore, the court did not err in failing to give an adverse inference charge as to the failure of the police to preserve the defendant's hat.

Contrary to the defendant's assertion, the court's interested witness charge was balanced and did not deprive him of a fair trial. The court's charge properly permitted, but did not direct, the jury to find that the defendant's brother, who had testified on the defendant's behalf, was an interested witness

*(see, People v Whitmore,* 123 AD2d 336, *lv denied* 68 NY2d 919).

We disagree with the defendant's contention, raised in his supplemental *pro se* brief, that the sentence imposed was excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.