■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN LOUGHLIN, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Sherman, J.), dated June 8, 1988, which granted that branch of the defendant's motion pursuant to CPL 330.30 which was to set aside the judgment of conviction with respect to counts three and four of Queens County indictment No. 4057/87.

Ordered that the order is affirmed.

On April 12, 1987, at approximately 4:15 A.M. while proceeding eastbound on Rockaway Beach Boulevard, the defendant's automobile collided with another car traveling westbound on the same road. The other car was attempting to make a left-hand turn when the collision occurred. The driver of the other car was killed and its two passengers were injured.

Police Officer Gerard Hayden arrived on the scene shortly after the accident and observed that the defendant was unsteady on his feet, slurred his speech and had an odor of alcohol on his breath. After the driver of the other car and its two passengers were taken to the hospital, the defendant was transported to the 112th Precinct for further investigation. The defendant was subsequently arrested and charged with vehicular manslaughter in the second degree, criminally negligent homicide, two counts of vehicular assault in the second degree and operating a motor vehicle while under the influence of alcohol.

After a jury trial, the defendant was acquitted of the vehicular manslaughter count and found guilty of the criminally negligent homicide count and the two counts of vehicular assault. In accordance with the court's instruction, the jury did not consider the remaining count of operating a motor vehicle while under the influence of alcohol. The defendant objected to the verdict as repugnant. The court, however, declined to resubmit the case to the jury for reconsideration of the verdict and the defendant subsequently moved pursuant to CPL 330.30 to set aside the verdict. The court granted the defendant's motion to the extent of setting aside the convictions for the two vehicular assault counts. The People now appeal, arguing that the court erred in setting aside the vehicular assault counts. We disagree.

As the Court of Appeals has observed, "[w]hen there is a

claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" *(People v Tucker,* 55 NY2d 1, 4, *rearg denied* 55 NY2d 1039). Notably, "[r]eview of the entire record in an attempt to divine the jury's collective mental process of weighing the evidence is inappropriate" *(People v Tucker, supra,* at 4; *see also, People v Johnson,* 70 NY2d 819; *People v Hampton,* 61 NY2d 963, 964; *People v La Pella,* 135 AD2d 735). Such a determination is to be made solely upon the basis of a review of the trial court's charge *(see, People v Green,* 71 NY2d 1006; *People v Cobb,* 137 AD2d 700). Further, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered *(see, People v Tucker, supra,* at 7).

At bar, the court instructed the jury that the elements comprising the vehicular manslaughter count were the same as those of the criminally negligent homicide count, except that, with regard to the former, there was an additional element of intoxication. The court further explained that the elements of the two vehicular assault counts were identical to the vehicular manslaughter count, except that the vehicular manslaughter count involved death rather than serious physical injury.

As the Supreme Court correctly observed, by acquitting the defendant on the vehicular manslaughter count, the jury found that the People's proof was deficient with respect to one or more elements of that crime. By convicting him of criminally negligent homicide, the jury necessarily concluded that the proof was sufficient to establish that the defendant (1) operated his automobile in a criminally negligent fashion, and (2) caused the death of the victim. Since, as charged to the jury, the foregoing also constituted two of the three elements comprising the crime of vehicular manslaughter, it must be inferred that, by acquitting the defendant of that crime, the jury found the People's proof to be lacking with respect to the third element of intoxication. Despite the acquittal on the vehicular manslaughter count, however, the jury nevertheless found the defendant guilty of vehicular assault, of which intoxication is an element. It is apparent, then, that the jury's acquittal of the defendant under the vehicular manslaughter count, when viewed in conjunction with its guilty verdict on

the criminally negligent homicide count, negated an essential element of the vehicular assault counts, i.e., the element of intoxication. In light of the foregoing, the Supreme Court properly set aside the jury's verdict on the third and fourth counts of the indictment charging the defendant with vehicular assault. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.