■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD G. SCHONGAR, Also Known as RONALD G. SCHANGAR, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Albany County (Traficanti Jr., J.), rendered August 10, 1989, upon a verdict convicting defendant of the crimes of grand larceny in the second degree (four counts) and criminal possession of a forged instrument in the second degree (three counts).

In December 1987 defendant was indicted by a Grand Jury and charged with 20 counts of criminal possession of a forged instrument in the second degree, 21 counts of grand larceny in the second degree and one count of grand larceny in the third degree. The charges stemmed from an alleged scheme to defraud his employer, J. N. Futia Company, Inc. (hereinafter Futia), for whom he worked as office manager. Between 1983 and 1985 defendant set up a number of corporations and bank accounts over which he had exclusive control and then transferred substantial sums into those accounts by depositing checks drawn on the Futia corporate accounts. The trial evidence established that 18 checks bearing the forged signature of Joseph N. Futia, president of Futia, were drawn on the corporation's checking accounts and deposited in the accounts set up and owned by defendant. The evidence further established that four checks bearing the valid signature of Joseph N. Futia were made payable to defendant's accounts and deposited therein without authorization.

Defendant admitted setting up the accounts but claimed that he did so at the direction of Joseph Futia. He also admitted depositing the aforesaid checks into the accounts, but claimed they were issued at the direction of Joseph Futia and were deposited in the accounts upon his orders. Defendant further claimed that the reason for these transactions was that Joseph Futia desired to provide money to the financially failing Colonie Colosseum without the knowledge of his brothers, who were shareholders in Futia and did not approve of

Joseph Futia's preoccupation with the entertainment business and the running of the Colosseum. The jury found defendant guilty of counts 13, 21, 29 and 36 (charging him with grand larceny in the second degree) and counts 14, 16 and 40 (charging him with criminal possession of a forged instrument in the second degree), and acquitted him of all other charges. Counsel for defendant then reserved his right to make post-verdict motions and the jury was discharged. Thereafter, defendant moved to set aside the verdict as repugnant, which County Court denied.

The linchpin of defendant's argument is not that the verdict is legally repugnant, but rather that it is wholly illogical for the jury to determine that he was guilty of possession of a forged instrument on the one hand but not of grand larceny as to those instruments, and of grand larceny with regard to other checks but not of possession of the forged instruments from which the stolen moneys were derived. Defendant's contention is not at all irrational, but it has been specifically rejected by the Court of Appeals for policy reasons. As observed in *People v Tucker* (55 NY2d 1): "There exist two approaches for determining whether jury verdicts are repugnant. The first would have the court review the record *in toto* so as to consider all the evidence and discover the underlying basis of the jury's determination, whereupon the reviewing court can determine the logic or illogic of the verdicts and remedy the repugnancy when it exists. The second approach is more limited, looking to the record only to review the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered * * *. There is a compelling policy reason for preferring the second method of analysis. The first approach, by its very nature, requires the court to intrude into the jury's deliberative process by speculating on how the jury perceived and weighed the evidence. The court's reluctance to do so is generally reflected by limiting attacks on jury verdicts to showing improper influence, while excluding for purpose of impeachment 'proof of the tenor of [the jury's] deliberations' * * *. The problems of second-guessing are compounded by the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy * * *. When the jury

has decided to show lenity to the defendant, an accepted power of the jury * * * the court should not then undermine the jury's role and participation by setting aside the verdict" (supra, at 6-7 [citations omitted]). Thus, resolution of this case depends only upon a review of County Court's jury charge to determine whether acquittal of one crime as charged is conclusive as to a necessary element of another crime charged for which defendant was found guilty.

As to criminal possession of a forged instrument in the second degree, County Court charged that the jury must find that (1) defendant uttered or possessed a commercial instrument, (2) the instrument uttered or possessed was in fact forged, (3) defendant knew the instrument was forged, (4) defendant uttered or possessed the forged instrument with the intent to defraud, deceive or injure another person, and (5) the forged instrument consisted of a check. As to grand larceny in the second degree, the court charged that the jury must find that (1) defendant stole property, (2) defendant stole with the intent to deprive another of the property or to appropriate it to himself or a third person, (3) the property was stolen from the owner, (4) defendant did not have authority or consent of the owner to take, obtain or withhold the property, and (5) the value of the property exceeded $1,500. It is clear that the crimes as charged by County Court do not have similar elements so that acquittal as to one would necessarily involve a finding that an element of the other was not proven. Accordingly, County Court properly refused to set aside the verdict as repugnant.

We have considered defendant's other contentions and find them to be without merit.

Casey, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).