■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON WESTBROOK, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated March 27, 1991, which, upon the court's acceptance of a partial jury verdict acquitting the defendant of criminal possession of a weapon in the second degree, granted those branches of the defendant's motion pursuant to CPL 310.70 (2) (a) which were to dismiss the remaining count of Queens County Indictment No. 5386/89 charging him with murder in the second degree and the submitted lesser included offense of manslaughter in the first degree.

Ordered that the order is reversed, on the law, those branches of the defendant's motion which were to dismiss the remaining count of Queens County Indictment No. 5386/89 charging him with murder in the second degree and the submitted lesser included offense of manslaughter in the first degree are denied, the murder count is reinstated, and a new trial is ordered.

The defendant was charged with the murder of Anthony Venerable. The evidence adduced at trial established that the defendant became involved in an altercation with Venerable after the defendant's girlfriend told him that Venerable had threatened her. When Venerable drew a gun, the defendant took the gun away from him. As Venerable ran away, the defendant shot him in the back with the gun.

During deliberations, the jurors found that the defendant was not guilty of criminal possession of a weapon in the second degree, but were unable to agree with respect to the

charge of murder in the second degree and the submitted lesser included offenses of manslaughter in the first degree and manslaughter in the second degree. After directing the jury to resume deliberation on the remaining counts several times, the trial court accepted the partial verdict. Thereafter, defense counsel moved to dismiss the charges of murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree, on the ground that these charges were inconsistent with the jury's acquittal of the defendant on the charge of criminal possession of a weapon in the second degree. The trial court granted the defendant's motion to the extent of dismissing the charges of murder in the second degree and manslaughter in the first degree. On appeal, the People argue that the trial court erred in dismissing the charges of murder in the second degree and manslaughter in the first degree. We agree.

The question of whether a verdict is inconsistent or repugnant is to be determined from reviewing the charge as given to the jury, examining the essential elements of each of the several counts to determine whether the jury's findings on those counts can be reconciled (see, People v Loughlin, 76 NY2d 804; People v Tucker, 55 NY2d 1). In this case, the trial court instructed the jury that, in order to find the defendant guilty of criminal possession of a weapon in the second degree, the People were required to prove that the defendant knowingly possessed a loaded and operable pistol with the intent to use it unlawfully against another. Importantly, the trial court instructed the jury on the concept of temporary possession as follows: "a person who takes a weapon away from another person who he believes was using it or was about to use the weapon unlawfully against another and therefore only possesses it temporarily is not guilty of unlawful possession of such weapon".

In light of this charge, it would not have been inherently inconsistent or repugnant for the jury to find the defendant not guilty of criminal possession of a weapon in the second degree since the defendant took the gun away from Venerable during a fight in which he believed that Venerable was going to use the gun against him. Contrary to the contention of the Supreme Court, however, this determination does not preclude a jury from finding that the defendant exceeded the reasonable bounds of self-defense when he shot Venerable in the back (see, People v Haymes, 34 NY2d 639; People v Garcia, 72 AD2d 356, affd 52 NY2d 716; People v Leon, 163 AD2d 740). Accordingly, the defendant may be retried for the charges of

murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree *(see,* CPL 310.70 [2]).

Although the defendant argues that the retrial for the submitted offense of manslaughter in the second degree should be barred, CPL 470.15 (1) expressly provides that only questions or issues which have adversely affected the appellant may be considered on appeal. Since the trial court's refusal to dismiss the charge of manslaughter in the second degree did not adversely affect the People, the defendant's argument is beyond the scope of our review *(see, People v Goodfriend,* 64 NY2d 695; *People v Hill,* 147 AD2d 500). Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.