THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PENNA, Also Known as GEORGE PENA, Appellant. [678 NYS2d 894] —Judgment, Supreme Court, New York County (James Leff, J.), rendered February 28, 1994, convicting defendant, after a jury trial, of reckless endangerment in the first degree, of attempted murder in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree and assault in the second degree, and sentencing him, as a second felony offender, to a term of $3^1/2$ to 7 years on the reckless endangerment conviction, to run consecutively to concurrent terms of 20 years to life, 20 years to life, $7^1/2$ to 15 years, $7^1/2$ to 15 years, $3^1/2$ to 7 years and $3^1/2$ to 7 years on the remaining convictions, respectively, unanimously affirmed.

Defendant has failed to preserve his repugnancy claim for appellate review, and we decline to review it in the interest of justice. Were we to review it, we would reject it (*see, People v Tucker*, 55 NY2d 1). Defendant's acquittal on one of the third-degree weapon possession charges was not inconsistent with the convictions on those counts for which possession of a loaded firearm is not an essential element. As for the remaining counts, we find that, under the acting-in-concert theory that was charged, the jury could have convicted defendant on both of the second-degree weapon possession charges while acquitting him on one of the two third-degree possession charges.

The evidentiary rulings challenged by defendant were proper exercises of discretion. The People's medical evidence was proper rebuttal of defendant's testimony, while the medical records offered by defendant were insufficiently linked to the claimed injuries at issue. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.