■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON CID, Also Known as RAMON RODRIGUEZ, Appellant. [748 NYS2d 251] —Judgments, Supreme Court, New York County (Rena Uviller, J.), rendered July 13, 1998, convicting defendant, after a jury trial, of assault in the second degree, and also convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him to an aggregate term of 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. Defendant's entire course of conduct, including his efforts to prevent the victim from escaping, clearly warranted the inference of accessorial liability, and the fact that defendant was acquitted of various counts involving the use of a firearm does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557).

Defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714). Defendant's principal complaint about his trial counsel is that he failed to make a timely claim that the verdict was repugnant. However, given the court's charge on the elements of the crimes submitted to the jury, there was nothing repugnant about the verdict (*see People v Tucker*, 55 NY2d 1). Defendant's repugnancy claim rests on the same type of evidentiary analysis rejected by the *Tucker* Court.

Defendant has not shown that he was prejudiced by the loss of a small portion of the trial minutes, or that alternative methods to provide an adequate record are not available (*see People v Glass*, 43 NY2d 283).

Nothing in the prosecutor's opening statement warranted the drastic remedy of a mistrial, the only remedy requested (*see People v Young*, 48 NY2d 995). The curative instruction of-

fered by the court, and not accepted by the defense, would have been more than enough to prevent any prejudice.

We perceive no basis to reduce the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Rosenberger, Marlow and Gonzalez, JJ.