■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR SACKES, Appellant. [783 NYS2d 369]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), rendered July 2, 2002, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of nine years, unanimously affirmed.

Since the verdict convicting defendant of assault in the first degree and acquitting him of criminal possession of a weapon in the third degree was not repugnant, the court properly denied defendant's request to resubmit the case to the jury and accepted the verdict. A verdict is repugnant "only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Tucker*, 55 NY2d 1, 4 [1981]). "A determination of whether a verdict is repugnant is based solely on a review of the trial court's charge regardless of its accuracy" (*People v Green*, 71 NY2d 1006, 1008 [1988]). There was nothing in the court's charge, including its discussion of the defense of justification and its effect on the crimes charged, that precluded the jury from concluding that defendant initially possessed the machete without intending to use it unlawfully against another, but subsequently decided to strike the victim with it as events unfolded (*see People v Haymes*, 34 NY2d 639 [1974], *cert denied* 419 US 1003 [1974]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sullivan, Williams, Lerner and Sweeny, JJ.