*457 OPINION OF THE COURT
Joseph Kevin McKay, J.
Defendant’s first trial before another justice and a jury ended in an acquittal on the first count of the indictment, criminal possession of a weapon in the third degree, and a hung jury on the second count of the indictment, the lesser included count of criminal possession of a weapon in the fourth degree.[1] Defendant now moves before this court to bar a second trial on the second count.
The seemingly novel question presented by this motion arises in the context of the more common situation mentioned above, a retrial after a hung jury. The difference here, however, is that the acquittal on the higher count (Penal Law § 265.02 [4]) has led the defense to claim that collateral estoppel and double jeopardy principles[2] preclude a retrial on the second count. The defense asserts there was no reasonable view of the evidence that the defendant could be guilty of the lesser included count without also being guilty of the higher count, that the lesser count should therefore not have been submitted to the first jury and must not be tried again before another jury. The People disagree.
I am satisfied based on my knowledge of the record and the submissions and arguments of counsel that there was indeed no reasonable view of the evidence that defendant could have been found guilty of the lesser included count without also being guilty of the higher count. There was no basis in the evidence, nor did either side argue to the jury, that the firearm in question was or may have been unloaded or that it was or may have been possessed by defendant in his home or place of business. Those two elements distinguish count one from count two. The integrated testimony from the arresting officer, if believed, *458 proved that the loaded firearm was recovered from the vehicle defendant was driving at the time and place of the traffic stop and arrest.
The critical issue in the trial and the only one presented to the jury was whether defendant had knowing possession of that loaded firearm at the time and place charged. As such, pursuant to CPL 300.50 (1) the lesser included count should not have been submitted to the jury. It should be noted, however, that since defendant voiced no objection to the submission of the lesser count, the statute provides that “[a]ny error ... is waived” (CPL 300.50 [l]).[3]
CPL 310.70 (2) governs the effect of partial verdicts on retrials. Subdivision (2) (a) of this statute provides:
“2. Following the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried for any submitted offense upon which the jury was unable to agree unless:
“(a) A verdict of conviction thereon would have been inconsistent with a verdict, of either conviction or acquittal, actually rendered with respect to some other offense.” (Emphasis supplied.)
In the context of judging the validity of verdicts rendered by the same jury at a single trial, appellate courts have used the term “inconsistency” interchangeably with “repugnancy.” (People v Trappier, 87 NY2d 55 [1995]; People v Tucker, 55 NY2d 1 [1981]; People v Graham, 307 AD2d 935 [2d Dept 2003]; People v Mabry, 288 AD2d 326 [2d Dept 2001], lv denied 97 NY2d 706 [2002].) People v Tucker (supra at 7) formulated the test for repugnant verdicts as follows: “[A] conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered.” (Citation omitted.)
Were the theoretical and purely logical test for repugnancy of verdicts to govern, this defense motion would have to be denied. There are two elements required for criminal possession of a weapon in the third degree which are absent in criminal possession of a weapon in the fourth degree: (1) that the firearm was loaded, and (2) that the possession was apart from defendant’s home and place of business. Upon either or both of them theoretically the jury could have entertained reasonable doubt.
*459 As mentioned previously, it is argued here that a retrial would offend collateral estoppel and double jeopardy principles, because the first jury necessarily resolved the critical issue of whether defendant knowingly possessed the firearm in question by its acquittal on count one, criminal possession of a weapon in the third degree. It is my opinion that the Tucker repugnancy test, which must be applied to verdicts rendered by one jury in one trial, is too technical and rigid where, as here, a constitutional violation is threatened to occur at a second trial.
The prosecution acknowledges that these are the governing principles, but, rather than concede the result sought by the defense, points to the heavy burden on the defense to establish that the first jury necessarily resolved the critical issue of defendant’s knowing possession in favor of defendant. Claiming that defendant failed to carry this burden, the prosecution then strains to articulate reasons the jury may have acquitted defendant on count one but reached an impasse on count two.
It is clear from People v Goodman (69 NY2d 32, 40 [1986]) that the application of the collateral estoppel and double jeopardy doctrine in retrial of criminal cases is not to be done hypertechnically but rather in a realistic and rational way. A realistic, nontechnical analysis requires the court to search the trial record to identify the disputed issues in the case which the jury necessarily resolved in defendant’s favor by its verdict of acquittal on criminal possession of a weapon in the third degree.
It therefore follows that the appropriate test for determining whether to bar a retrial of criminal possession of a weapon in the fourth degree in this action is similar if not identical to the statutory reasonable view of the evidence test[4] governing the submission to the jury of lesser included counts, whether or not such counts are actually in the indictment.[5]
In opposition to defendant’s motion, the People have argued the theoretical possibility that the jury may have entertained reasonable doubt about either or both of those elements which *460 distinguish count one from count two. This is “sheer speculation” of the sort condemned by the Court of Appeals in People v Negron (91 NY2d 788, 792 [1998]).[6] Regarding the “home or place of business” element, it is absurd to believe the jury had reason to entertain a separate doubt about that specific element. Nothing in the record supports such a view. The only evidence before the jury was that the firearm was recovered from defendant’s vehicle.
As for the element that the firearm was loaded, the People have made — in a superficial way — a more plausible point, which upon scrutiny fares no better. Here, too, neither the defense nor the prosecution ever argued to the jury that there, was a gun, but it was not loaded, nor was there any evidentiary support for such an argument in the trial record. The People argued on this motion that the evidence of ammunition was weak because it only came from one police witness (overlooking testimony from the ballistics expert), but this ignores the overriding consideration that this single police witness gave “integrated” testimony about the recovery of the gun, as well as the state of the load, the latter being corroborated by the ballistics expert. As such, it would be rank, impermissible speculation to conjecture that the jury accepted the officer’s testimony about his recovery of the weapon and then discredited that same witness regarding the state of the load. In essence, the People’s position on this motion is either that their entire case as presented on the first trial with the arresting officer as their sole witness to the search of the vehicle, the seizure of the firearm and the arrest of defendant was weak,[7] or that the first jury made a big mistake. The defense argues that the prosecution should not be given a second opportunity to persuade a different jury of the guilt of defendant, and I agree.
The People have argued that the court must presume the jury followed the court’s instructions (citing People v Goodman, *461 supra), and that the only rational explanation for the jury’s verdict of acquittal on criminal possession of a weapon in the third degree and its inability to reach a verdict on criminal possession of a weapon in the fourth degree was its doubt about the state of the load of the firearm and its location. Far from it. The reasonable and realistic approach mandated by Goodman leads me to the conclusion that the only rational basis for the acquittal verdict on criminal possession of a weapon in the third degree was the jury’s unanimous conclusion that the People’s evidence in the form of the integrated testimony of a single police witness failed to prove beyond a reasonable doubt defendant’s knowing possession of the weapon in question. While it is true that this conclusion does not explain the jury’s inability to reach the same unanimous conclusion on criminal possession of a weapon in the fourth degree, the jury’s impasse does not require me to strain rationality or reinvent the evidentiary record to provide the explanation.
Having determined that the jury’s impasse on criminal possession of a weapon in the fourth degree cannot be explained rationally, I hold that the same rule of a “reasonable view of the evidence” guiding the submission of lesser included counts to the jury should therefore govern here, unless the “waiver” commanded by statute (CPL 300.50 [1]) survives the first trial and applies to retrials. I conclude that such a waiver imposed by statute based on as little as silence by the defense at one trial cannot survive after that trial to permit an otherwise unconstitutional retrial. One cannot as a matter of law waive one’s protections against an unconstitutional second prosecution (see, People v Fuller, 96 NY2d 881, 884 [2001], and cases cited therein).
Accordingly, for the reasons stated in this opinion, defendant’s motion to bar a second trial on the sole remaining count in this indictment is hereby granted. The indictment is dismissed.

. Criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the third degree. (See, CPL 1.20 [37]; People v Menchetti, 76 NY2d 473, 478 [1990]; People v Moore, 303 AD2d 691, 692 [2d Dept 2003], lv denied 100 NY2d 585 [2003].)

. In the context of criminal proceedings the doctrine of collateral estoppel has constitutional significance rooted in the fundamental protection against double jeopardy. This is because subjecting a defendant to a second prosecution on ultimate issues necessarily decided by the first jury in his favor is tantamount to reprosecuting defendant for the same offense. (Ashe v Swenson, 397 US 436 [1970]; People v Hilton, 95 NY2d 950, 952 [2000]; People v Acevedo, 69 NY2d 478, 487 [1987]; People v Goodman, 69 NY2d 32, 40 [1986].) Defendant relies solely on his constitutional protections against double jeopardy (US Const Amend V; NY Const, art I, § 6), and not on the state double jeopardy statute (CPL art 40).

. See, People v Ford, 62 NY2d 275 (1984); People v Richardson, 88 NY2d 1049 (1996).

. See, CPL 300.50 (1); 1.20 (37); see also, People v Van Norstrand, 85 NY2d 131, 135-136 (1995); People v Glover, 57 NY2d 61, 63-64 (1982).

. But see People v Westbrook, 180 AD2d 772 (2d Dept 1992), lv denied 79 NY2d 954 (1992); People v Albritton, 217 AD2d 553 (2d Dept 1995). These decisions use what I would characterize as a modified Tucker test (People v Tucker, 55 NY2d 1 [1981]), judged in the context of the trial court’s jury instructions. The modification consists of the court’s further analysis of the reasonable view of the trial evidentiary record, which I conclude is critical to the result I reach on this motion. (Compare, People v Quamina, 236 AD2d 426 [2d Dept 1997].)

. In People v Negron (91 NY2d 788, 792 [1998]), the Court of Appeals agreed with the trial court’s refusal to charge down from a count of third degree criminal possession of a controlled substance to simple possession since there was “no identifiable record basis . . . upon which the jury might reasonably differentiate between segments of a witness’ testimony” (id.). Citing People v Scarborough (49 NY2d 364 [1980]) and People v Discala (45 NY2d 38 [1978]), the Court held that a charge down would invite the jury to selectively dissect the integrated testimony of a single witness, which would amount to impermissible speculation.

. An indication of the weakness, or lack of persuasiveness, of the prosecution’s case is found in a jury note to the court during deliberations that asked why the other police witnesses did not testify.