■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK ROBINSON, Appellant. [857 NYS2d 119]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), rendered October 28, 2002, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 25 years to life, consecutive to two concurrent terms of 15 years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the prosecutor's stated nondiscriminatory reasons for challenging the panelist at issue, relating to both demeanor and employment, were not pretextual, and this finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). When the prosecutor cited the panelist's demeanor, the court, employing its unique opportunity to make such observations, immediately recognized what aspect of that demeanor the prosecutor was referring to, confirmed that this concern was legitimate, and concluded that the prosecutor "credibly relied on demeanor in exercising a strike." (*Snyder v Louisiana*, 552 US —, —, 128 S Ct 1203, 1209 [2008].) As for the employment-related reason, which the court also accepted, the record sufficiently explains an alleged disparity in the prosecutor's pattern of challenges.

Since the verdict convicting defendant of assault in the first degree and acquitting him of criminal possession of a weapon in the second degree was not repugnant, the court properly denied his request to resubmit the case to the jury (*see People v Haymes*, 34 NY2d 639, 640 [1974], *cert denied* 419 US 1003 [1974]; *People v Sackes*, 11 AD3d 364 [2004], *lv denied* 4 NY3d 748 [2004]).

Defendant's challenges to the court's main and supplemental charges are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant's ineffective assistance of counsel claim relating to the position taken by counsel regarding a certain jury instruction involves matters of strategy and is thus unreviewable on

direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Nardelli and Williams, JJ.