People v Rodriguez (2022 NY Slip Op 03403)





People v Rodriguez


2022 NY Slip Op 03403


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-07086
 (Ind. No. 2711/16)

[*1]The People of the State of New York, respondent,
v
Edward Rodriguez, appellant.


Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered May 30, 2018, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of robbery in the second degree under count 3 of the indictment and grand larceny in the fourth degree under count 4 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment, with leave to the People, if they be so advised, to submit those charges to another grand jury; as so modified, the judgment is affirmed.
The defendant was charged with various crimes arising from an incident during which the defendant, a codefendant, and a third perpetrator who was never apprehended, robbed the complainant, a cab driver, at knife point. The jury convicted the defendant of robbery in the first degree (Penal Law § 160.15[3]), robbery in the second degree (id. § 160.10[3]), grand larceny in the fourth degree (id. § 155.30[8]), and menacing in the second degree (id. § 120.14[1]), and acquitted him of unauthorized use of a vehicle in the third degree (id. § 165.05[1]).
"A verdict is repugnant when, evaluated only in terms of the elements of the crimes as charged to the jury—and without regard to the evidence as to what actually occurred—acquittal on one count necessarily negates an . . . element of a crime of which the defendant was convicted" (People v France, 172 AD3d 900, 901; see People v Muhammad, 17 NY3d 532; People v Tucker, 55 NY2d 1). Here, as the crimes were charged to the jury, the acquittal on the charge of unauthorized use of a vehicle in the third degree rendered repugnant the convictions of robbery in the second degree and grand larceny in the fourth degree (see People v DeLee, 24 NY3d 603, 608-609; People v Cruz, 176 AD3d 852, 857-858).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court