■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR WASHINGTON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Harris, J.), rendered October 9, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing a sentence. The appeal brings up for review the denial, after a hearing (Santagata, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant claims that the jury's verdict finding him guilty of criminal possession of a controlled substance in the third degree was against the weight of the evidence and also inconsistent with its verdict acquitting him of criminal sale of a controlled substance in the third degree. We disagree.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also conclude that the jury's verdict finding the defendant guilty of criminal possession of a controlled substance in the third degree (i.e., with intent to sell) was in no way repugnant to its verdict acquitting him of criminal sale of a controlled substance in the third degree. The acquittal could have been reasonably based on the conclusion that a completed sale had not occurred at the time the police intervened.

The record clearly establishes that the police had a reason-

able suspicion to believe that the defendant had committed, was committing or was about to commit a crime when they first attempted to detain him *(see, People v De Bour,* 40 NY2d 210). Furthermore, the defendant's subsequent conduct in dropping a clear plastic bag to the ground containing a quantity of "[c]ocaine in crack form" when being pursued by the police provided the police with the requisite probable cause needed to effect his arrest.

An examination of the totality of the circumstances in this case establishes that the defendant, upon signing a *Miranda* rights card, exercised a knowing and intelligent waiver of his *Miranda* rights to remain silent and to have counsel present during the custodial interrogation *(see, North Carolina v Butler,* 441 US 369; *People v Davis,* 55 NY2d 731; *People v Harris,* 79 AD2d 615).

Finally, we have considered defendant's other contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.