■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE MARTINEZ, Also Known as FELIX MARTINEZ, Appellant. —Judgment of the Supreme Court, New York County (John Bradley, J.), rendered April 4, 1989, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 6 to 12 years, is unanimously affirmed.

The defendant was charged with criminal sale and criminal possession of a controlled substance in the third degree following a "buy-and-bust" operation. When arrested, defendant was in possession of three tinfoil packets of cocaine but none of the "buy" money. At trial, defendant's counsel argued in summation that the defendant had been mistakenly identified and was not the person who had sold the cocaine to the under-

cover officer. Admittedly, defendant possessed the three packets of cocaine, but according to counsel, defendant was only a purchaser, not a seller, of narcotics, and could only be found guilty of the lesser included offense of possession in the seventh degree. The jury acquitted defendant of the sale charge, and convicted him of possession in the third degree.

Defendant contends, essentially, that the jury must have believed that defendant was not the person who sold narcotics to the undercover officer, since it acquitted him of sale in the third degree. It necessarily follows, according to defendant, that there was insufficient evidence of an "intent to sell" in support of defendant's conviction for possession in the third degree (Penal Law § 220.16 [1]). To the extent that this argument points to a logical inconsistency in the verdict, it does not raise a cognizable legal claim that the verdict was repugnant, inasmuch as the elements of sale and possession in the third degree were charged, acquittal of the sale count was not conclusive of a necessary element of the possession count, since a complete sale is not a necessary element of the latter. *(See generally, People v Tucker,* 55 NY2d 1.) Nor was a claim of repugnancy preserved for appellate review.

It is not the function of this court to intrude into the deliberative processes of the jury *(People v Tucker,* 55 NY2d, *supra,* at 7), or, otherwise stated, to posit that certain findings must be made in accordance with the jury's perceived view of the facts. Rather, viewing the evidence in the light most favorable to the People, we find that it was both legally sufficient and in accord with the weight of the evidence.

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.