■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD FRANKIE LANE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered September 20, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested in a so-called "buy and bust" operation wherein an undercover officer purchased two vials of crack cocaine through a peephole door. Five minutes later, the backup team broke through the door and found the defendant alone in the apartment with 16 additional vials of crack cocaine. The defendant was convicted of criminal possession of a controlled substance in the third degree (possession with intent to sell) in connection with the two vials sold to the officer but was acquitted of criminal sale of a controlled substance in the third degree. Contrary to the defendant's contention on appeal, the verdict was not repugnant. Inasmuch as an actual sale is not a necessary element of the possession charge, the jury's acquittal of the defendant on the sale charge does not render infirm his conviction on the possession count (see, People v Tucker, 55 NY2d 1; People v Martinez, 165 AD2d 788; People v Washington, 155 AD2d 635). Moreover, the acquittal could reasonably have been based upon a conclusion by the jury that another individual was present in the apartment at the time of the sale or the jury simply could have been exercising mercy (see, People v Tucker, supra, at 7).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.