■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE PATTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered June 24, 1991, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after a so-called "buy and bust" operation wherein an undercover police officer purchased two vials of crack cocaine allegedly from the defendant using pre-recorded money. Approximately five minutes later, a backup officer approached the defendant and saw him throw away a brown paper bag, which was later found to contain 12 vials of crack cocaine. No pre-recorded money, drugs, or drug paraphernalia were recovered from the defendant's person. The jury convicted the defendant of criminal possession of a controlled substance in the third degree, but acquitted him of criminal sale of a controlled substance in the third degree.

On appeal, the defendant does not dispute that he possessed the drugs found in the paper bag, but argues that there was

legally insufficient evidence that he possessed them with the intent to sell. However, the defendant failed to preserve this claim of insufficiency for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we are satisfied that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's contention, the jury could have credited the undercover officer's testimony that prior to the actual sale, the defendant stated that he was selling "nickels of powder" ($5 quantities of crack cocaine). The additional evidence that the defendant had 12 vials of crack cocaine in his possession when he was arrested about five minutes later, coupled with the defendant's statements, strongly supports the conclusion that the defendant possessed the vials with the intent to sell them *(see, People v Dawkins,* 136 AD2d 726). The jury was entitled to reach this conclusion notwithstanding its finding that the defendant never made an actual sale *(see, People v Tucker,* 55 NY2d 1; *People v Lane,* 177 AD2d 713). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.