■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CRUZ, Appellant. [602 NYS2d 675] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered June 21, 1991, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after a so-called "buy and bust" operation wherein an undercover police officer purchased a yellow glassine envelope, stamped "Dick Tracy", from the defendant using prerecorded money. The defendant was arrested approximately 30 minutes later. Ten white glassine envelopes stamped "Any Time" and $14 in non-prerecorded money were found in his pants pocket. The jury found the defendant guilty of criminal possession of a controlled substance in the third degree under the count requiring proof of

an intent to sell, but acquitted him of criminal sale of a controlled substance in the third degree.

On appeal, the defendant does not dispute that he possessed the heroin recovered from him, but argues that there was legally insufficient evidence that he possessed the 10 glassine envelopes of heroin with intent to sell. However, viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Contrary to the defendant's specific contentions, the jury could have credited the undercover officer's testimony that prior to his purchase he observed the defendant hand a third person a white glassine envelope, in exchange for money. Further, the fact that the defendant possessed 10 glassine envelopes of heroin was sufficient evidence to establish the defendant's intent to sell *(see, People v Diaz,* 190 AD2d 685; *People v Dawkins,* 136 AD2d 726). The jury was entitled to reach this conclusion notwithstanding its finding that the defendant never made an actual sale *(see, People v Tucker,* 55 NY2d 1; *People v Patton,* 187 AD2d 538; *People v Lane,* 177 AD2d 713). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.