■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIEGOS HERNANDEZ, Also Known as DIAGOS HERNANDEZ, Appellant. [610 NYS2d 577] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered May 10, 1991, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's conviction to criminal possession of a controlled substance in the seventh degree and vacating the sentence imposed; as so modified, the judgment is affirmed.

Upon the exercise of our factual review power, and in light of the jury's verdict aquitting the defendant of the undercover narcotics sale with which he was charged, we conclude that the jury's further verdict convicting him of criminal possession of a controlled substance in the third degree *(see,* Penal Law § 220.16 [1]) is against the weight of the evidence *(see,* CPL 470.15 [5]). Specifically, the jury's finding that the defendant possessed the four vials of crack cocaine found in his possession at the time of his arrest with intent to sell same is "so plainly unjustified by the evidence that the interests of justice necessitate [its] nullification" *(People v Garafolo,* 44 AD2d 86, 88).

The evidence was sufficient to convict the defendant of the lesser-included offense of criminal possession of a controlled

substance in the seventh degree, which does not require that the possession be with an intent to sell *(see,* Penal Law § 220.03). Thus the judgment is modified accordingly. As the defendant has already served in excess of the maximum term of one year imprisonment for criminal possession of a controlled substance in the seventh degree, a class A misdemeanor, there is no need to remit the matter for resentencing *(see, People v Bernard,* 123 AD2d 324; *People v Riddick,* 69 AD2d 826). Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.