■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER WASHINGTON, Appellant. [619 NYS2d 82] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered May 14, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the facts, by reducing the defendant's conviction to criminal possession of a controlled substance in the seventh degree, and vacating the sentence imposed; as so modified, the judgment is affirmed.

The defendant's contention that the police lacked probable cause for his arrest is without merit. At the suppression hearing, the arresting officer testified that she was investigating narcotics sales with a team of officers in Queens. She received a radio communication from another officer who indicated that he had made a "positive observation" and provided the location and description of the perpetrators. The arresting officer explained that a "positive observation" meant an exchange of drugs for money. When she arrived at the location, the arresting officer observed the defendant and two other men who fit the observing officer's description. The arresting officer then received a second radio communication from the observing officer indicating that the three men "were the three involved in the drug transaction". After receiving the second communication, the arresting officer placed the defendant under arrest. Under these circumstances, the record supports the hearing court's determination that there was probable cause for the defendant's arrest (see, People v Petralia, 62 NY2d 47, cert denied 469 US 852; People v Williams, 205 AD2d 567; People v Matienzo, 184 AD2d 296, affd 81 NY2d 778).

Upon the exercise of our factual review power and in light of the jury's verdict acquitting the defendant of the undercover narcotics sale with which he was charged, we conclude that the jury's further verdict convicting him of criminal possession of a controlled substance in the third degree (see, Penal Law § 220.16 [1]) is against the weight of the evidence (see, CPL 470.15 [5]; People v Hernandez, 203 AD2d 479).

Specifically, the jury's finding that the defendant possessed the two vials of crack cocaine and the one packet of cocaine found in his possession at the time of his arrest with intent to sell the same was unjustified by all of the evidence presented *(see, People v Hernandez, supra; People v Garafolo,* 44 AD2d 86, 88).

The evidence was sufficient to convict the defendant of the lesser included offense of criminal possession of a controlled substance in the seventh degree which does not require that the possession be with an intent to sell *(see,* Penal Law § 220.03). Thus, the judgment is modified accordingly. Since the defendant has already served more than the maximum sentence permitted for that crime, we need not remit for resentencing.

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.