■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MCKINLEY MILLER, Appellant. [722 NYS2d 751] —Appeal by the defendant from a judgment of the County Court, Nassau

County (Calabrese, J.), rendered May 11, 1999, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his argument that because of his acquittal on the charge of criminal sale of a controlled substance in the third degree, his conviction on the charge of criminal possession of a controlled substance in the third degree is against the weight of the evidence (*see,* CPL 470.05 [2]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). *People v Washington* (209 AD2d 560), relied on by the defendant, is distinguishable. Although the defendant in *Washington* was convicted, as here, of criminal possession of a controlled substance in the third degree (possession with intent to sell) and acquitted of criminal sale of a controlled substance in the third degree, the criminal sale charges in *Washington* concerned the sale of heroin to two others and the criminal possession charge concerned cocaine found in that defendant's pocket. In reducing the conviction to criminal possession of a controlled substance in the seventh degree, which does not require an intent to sell, this Court found that there was no evidence of an intention to sell the cocaine. Thus, *Washington* does not stand for the general proposition that an acquittal on a charge of criminal sale of a controlled substance in the third degree renders a conviction on a charge of criminal possession of a controlled substance in the third degree against the weight of the evidence.

Under the facts of this case, the evidence was legally sufficient to support the verdict of guilt on the charge of criminal possession of a controlled substance in the third degree, and the verdict was not repugnant due to the acquittal on the criminal sale charge (*see, People v Rayam,* 94 NY2d 557; *People v Cruz,* 197 AD2d 630; *People v Martinez,* 165 AD2d 788).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.