■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAJARA PEDROZA, Also Known as YAJAIRA PEDROZA, Also Known as JAIRA PEDROZA, Appellant. [852 NYS2d 308]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Gary, J.), both rendered November 9, 2004, convicting her of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under indictment No. 5500/00, and petit larceny under indictment No. 5925/00, after nonjury trials, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting her conviction of criminal possession of a controlled substance in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Cona,* 49 NY2d 26, 33 n 2 [1979]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant possessed 110 glassine envelopes of heroin with the intent to sell them (*see* Penal Law § 220.16 [1]). Contrary to the defendant's contention, her acquittal of the crimi-

nal sale counts stemming from her alleged participation with the codefendant in the sale of heroin to an undercover officer minutes before her arrest did not render the evidence insufficient with respect to her possession of heroin with intent to sell it (*see People v Miller,* 282 AD2d 550, 551 [2001]; *People v Cruz,* 197 AD2d 630, 631 [1993]; *People v Nelson,* 189 AD2d 828, 829 [1993]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to criminal possession of a controlled substance in the third degree was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's challenge to the legal sufficiency of the evidence supporting her conviction of petit larceny is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d at 19; *People v Cona,* 49 NY2d at 33 n 2). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d at 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant, acting in concert with the codefendant, stole property from the victim (*see* Penal Law § 155.25). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.