THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAIN MELENDEZ, Appellant. [44 NYS3d 758]—

Judgment, Supreme Court, New York County, (Bonnie G. Wittner, J.), rendered November 1, 2011, as amended July 31, 2014, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of five years, unanimously affirmed.

The court correctly adjudicated defendant a second felony drug offender previously convicted of a violent felony, on the basis of his 1990 juvenile offender conviction of attempted murder in the second degree. In general, under Penal Law § 60.10 (2), a juvenile offender conviction (not resulting in youthful offender treatment) may be used as a predicate felony to enhance a sentence, and that provision lists the various multiple felony offender statuses in existence at the time of its enactment. Defendant argues that his present adjudication is illegal because when the Legislature subsequently created the status of second felony drug offender (*see* Penal Law § 70.70), it did not specify that a juvenile offender conviction would qualify in this situation as well. We find this argument unavailing. "Penal Law § 70.70 (1) (b) cross-references Penal Law § 70.06 (1) when defining a '[s]econd felony drug offender' " (*People v Yusuf*, 19 NY3d 314, 319 [2012]), a definition that includes a person such as defendant whose prior conviction is for violent felonies (Penal Law § 70.70 [4] [a]), and section 70.06 is one of the sections plainly listed in section 60.10 (2).

The 1990 conviction was not rendered unconstitutional (*see* CPL 400.21 [7] [b]) by the fact that the sentencing court did not undertake a sua sponte inquiry into defendant's postplea, out-of-court assertion of a possible justification defense, as reflected in the presentence report (*see e.g. People v Brimmage*, 143 AD3d 624 [1st Dept 2016]). Nothing in the plea allocution raised such a defense, and defendant did not move to withdraw the plea.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.