People v Dunbar (2019 NY Slip Op 05560)





People v Dunbar


2019 NY Slip Op 05560


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-06697
 (Ind. No. 7389/14)

[*1]The People of the State of New York, respondent,
v
Aquil Dunbar, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Allen Fallek of counsel) for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Caroline R. Donhauser, and Abed Z. Bhuyan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered May 19, 2016, as amended May 20, 2016, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a controlled substance in the third degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, his acquittal of criminal sale of a controlled substance in the third degree does not render his conviction of criminal possession with intent to sell legally insufficient or against the weight of the evidence (see People v Pedroza, 48 AD3d 706, 706-707; People v Miller, 282 AD2d 550, 551; People v Vaughn, 242 AD2d 458, 458; People v Lane, 177 AD2d 713, 713).
Contrary to the defendant's contention, he was properly sentenced as a second felony drug offender previously convicted of a violent felony pursuant to Penal Law § 70.70(4) on the basis of his 2010 juvenile offender conviction of attempted murder in the second degree (see People v Melendez, 146 AD3d 611, 611).
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court