■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN MINGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered May 12, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

By indicating that he was ready to proceed, the defendant failed to preserve for appellate review the question of whether he was entitled to an additional adjournment. In any event, it is well settled that the granting or denial of an adjournment for any purpose is a matter resting within the sound discre-

tion of the trial court *(see, People v Cable,* 63 NY2d 270). To grant a request for an adjournment so that a party may produce a witness to testify on his behalf, it must appear to the trial court (1) that the witness is material and appears to the court to be so, (2) that the party who applies for the adjournment has been guilty of no neglect, and (3) that the witness can be produced at the time to which the trial is deferred *(see, People v Wilkins,* 133 AD2d 477). The defendant has failed to demonstrate that the testimony of his prospective witness would have been favorable to him, that it would not have been cumulative, or that he used the requisite degree of diligence to obtain the witness's presence.

The trial court's pretrial *Sandoval* ruling allowing the prosecutor to cross-examine the defendant for impeachment purposes concerning the illegal acts underlying his prior youthful offender adjudication was not an improvident exercise of discretion *(see, People v Greer,* 42 NY2d 170). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.