■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SPEARS, Appellant. [598 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered April 11, 1991, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On appeal, the defendant contends that the trial court erred by allowing the prosecutor to introduce evidence of prior consistent statements of a police officer testifying on behalf of

the People, following cross-examination of the police officer regarding inconsistencies in his police paperwork. We agree. As the Court of Appeals has noted, "in applying the [prior consistent statement] exception, it is important to identify when the motive to fabricate arose. In some cases, the motive to fabricate may exist from the outset, and thus rehabilitation with consistent statements may be impossible" *(People v McDaniel,* 81 NY2d 10, 18). Here, the defendant's theory was that the police trumped up the case from the beginning *(see, People v McDaniel, supra; People v Davis,* 44 NY2d 269); therefore, the police witness' prior consistent statements made in other postarrest reports were inadmissible. Moreover, under the circumstances of the instant case, we find that the admission into evidence of these consistent statements was not harmless *(see, People v McDaniel, supra; People v Davis, supra).*

In view of our determination we decline to address the parties' remaining contentions. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.