■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ERIC KING, Appellant. [599 NYS2d 636] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered December 17, 1990, convicting him of assault in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions stem from an incident in which he was ejected from a neighborhood bar in the early morning hours of May 5, 1984, and then immediately engaged in a street brawl with some of the other patrons of the bar. During the melee, the defendant stabbed one individual in the heart with a switchblade knife he was carrying, causing serious physical injuries to his victim, and attempted to slash another individual's face with the knife. The defendant then attempted to flee the scene, but he was chased and apprehended a few blocks away by several patrons of the bar. During the chase, the defendant threw away the knife, but it was recovered nearby.

On appeal, the defendant claims that the court erred in admitting the prior consistent statements of two prosecution witnesses on their redirect examinations, for the improper purpose of bolstering their credibility. However, both prior consistent statements were properly admitted under the "recent fabrication" exception to the general rule of exclusion (see, People v McDaniel, 81 NY2d 10, 18; see also, People v McClean, 69 NY2d 426; People v Davis, 44 NY2d 269, 277; People v Singer, 300 NY 120, 123; cf., People v Spears, 194 AD2d 636). Moreover, since in one case only a portion of the witness's statement was introduced during his cross-examination, the introduction of additional portions of the statement during redirect examination, for the purpose of clarification, was appropriate (see, People v Torre, 42 NY2d 1036, 1037; People v Buchanan, 145 NY 1; Richardson, Evidence § 523 [Prince 10th ed]).

The defendant also contends that the court should have granted his requests for brief adjournments on two occasions. The initial request was made so that the defendant could obtain replacement eyeglasses for the ones that had been lost. Without his eyeglasses, the defendant claimed that he could not confront the witnesses against him. The second request was made so that a witness could produce subpoenaed records, showing the street lighting conditions at the time and place of the crime. We find that the court properly exercised its

discretion in denying both requests *(see, People v Spears,* 64 NY2d 698, 699-700; *Matter of Anthony M.,* 63 NY2d 270, 283-284; *People v Singleton,* 41 NY2d 402, 405). First, the defendant's argument that his impaired vision prevented him from confronting the witnesses against him is meritless. The defendant was present in the courtroom, with counsel, throughout the trial. He could hear the witnesses and he could confer with counsel at all times. In addition, the court permitted him to move around the courtroom, to be better able to view and participate in the proceedings. Under these circumstances, the defendant's constitutional rights were fully protected *(see, People v Spears, supra,* at 700).

With respect to the subpoenaed records, the defendant did not make an offer of proof as to the non-operability of the street light in question. This Court has held that in order to grant a request for an adjournment so that a party may produce a witness to testify in his behalf, it must appear to the trial court, among other things, "that the [testimony of the] witness is material and appears to the court to be so" *(People v Mingo,* 155 AD2d 485, 486). In the present situation, the trial court found that the relevance of the street lighting conditions was merely speculative.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.