■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALY DOMINIQUE, Appellant. [831 NYS2d 85]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered July 23, 2002, convicting him of attempted murder in the second degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant allegedly conspired to hire two men to kill the victim, who was the wife of his deceased brother. However, the victim survived after being shot in the head and hand. Following an investigation, the defendant was arrested within 48 hours and confessed after being advised of his rights. After a jury trial, the defendant was convicted of attempted murder in the second degree and conspiracy in the second degree, but acquitted of attempted murder in the first degree and assault in the second degree.

The defendant contends that the verdict of not guilty on the charge of assault in the second degree was repugnant to the verdict of guilty on the charge of attempted murder in the second degree because the elements charged were virtually identical. The determination of whether the convictions are repugnant is based "solely on the . . . trial court's charge" (*People v Johnson*, 133 AD2d 175 [1987], *affd* 70 NY2d 964 [1988]; *see People v Rayam*, 94 NY2d 557, 563 [2000]), and "[t]he critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element" (*People v Tucker*, 55 NY2d 1, 6 [1981]).

Here, although the verdict may seem repugnant in light of the facts of the case, the examination must be based upon the elements charged, not what the jury actually determined or the evidence presented (*see People v Tucker, supra* at 7). Because the charged elements were not identical, the fact that the jury acquitted on the assault charge but convicted on the attempted murder charge does not render the verdict repugnant (*see People v Johnson, supra; People v Rayam, supra*).

The defendant's contention that the testimony of his coconspirator, Joseph Moise, was improperly bolstered by the consistent testimony of the investigating detectives is unpreserved for appellate review and, in any event, is without merit. The defendant's contention that Moise's testimony was improperly bolstered by the consistent testimony of Moise's wife was preserved for appellate review. However, that contention is

similarly without merit, as the defendant attacked Moise's testimony as a recent fabrication, and the prior consistent statements predated the motive to falsify (*see People v McClean*, 69 NY2d 426, 428 [1987]; *People v Davis*, 44 NY2d 269, 277 [1978]; *People v King*, 194 AD2d 804, 805 [1993]).

The defendant's contention that the prosecutor improperly vouched for the testimony of Moise during summation is without merit, as the challenged remarks were either responsive to the defense counsel's summation or constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Hines*, 18 AD3d 882, 884 [2005]). The defendant's contention that the court improperly allowed testimony that he refused to make a videotaped confession is similarly without merit, as the defendant clearly agreed to speak to the police, thus waiving his right to remain silent (*see People v Crichton*, 260 AD2d 395, 396 [1999]; *People v Hendricks*, 222 AD2d 74, 78-81 [1996]), and he opened the door by implying that his confession was unreliable (*see People v Regina*, 19 NY2d 65, 77-78 [1966]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention that he was deprived of his right to confront his accusers is unpreserved for appellate review and, in any event, is without merit. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.