Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered March 25, 2011, convicting him of criminal possession of a weapon in the second degree, menacing a police officer, and operating a vehicle without adequate lights, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the jury verdict was repugnant because the jury convicted him of menacing a police officer (see Penal Law § 120.18), but was unable to reach a verdict on count one of the indictment, which charged him with criminal possession of a weapon in the second degree (see Penal Law § 265.03 [3]). A verdict shall be set aside as repugnant only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury (see People v Tucker, 55 NY2d 1, 4 [1981]; People v Dominique, 36 AD3d 624, 625 [2007]). It is necessary to determine whether the defendant’s acquittal on one or more of the counts necessarily negated an essential element of another count of which the defendant was convicted (see People v Goodfriend, 64 NY2d 695, 697 [1984]; People v Tucker, 55 NY2d at 6; People v Dominique, 36 AD3d at 625). As the Court of Appeals stated in People v Tucker, “[t]he critical concern is that an individual not be convicted for a crime on which the jury has actually found that the defendant did not commit an essential element, whether it be one element or all” (55 NY2d at 6 [emphasis added]).
Here, the jury was unable to reach a verdict on count one of the indictment, charging the defendant with criminal possession of a weapon in the second degree, which requires proof that the defendant intended to use a weapon unlawfully against another (see Penal Law § 265.03 [3]). Contrary to the defendant’s contention, the elements of the crime of menacing a police *705 officer, of which the defendant was convicted, were not, by definition, negated, since the jury did not return a verdict of not guilty on count one (see People v Granston, 259 AD2d 760, 761 [1999]). In any event, in light of the elements of count one and menacing a police officer as charged to the jury, an acquittal on count one would not have negated the elements of the charge of menacing a police officer (see People v Muhammad, 17 NY3d 532, 539-540 [2011]; People v Tucker, 55 NY2d at 6; People v Francois, 85 AD3d 813, 814 [2011]; People v James, 249 AD2d 919 [1998]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.