People v France (2019 NY Slip Op 03615)





People v France


2019 NY Slip Op 03615


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10438
 (Ind. No. 289/16)

[*1]The People of the State of New York, respondent,
v
Xzaviar France, appellant.


Stacy Eves, Rockville Centre, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Cristin N. Connell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered September 11, 2017, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes arising from a residential burglary in Williston Park. The jury convicted the defendant of burglary in the second degree (Penal Law § 140.25), and acquitted him of petit larceny (Penal Law § 155.25).
We agree with the Supreme Court that the verdict was not repugnant. A verdict is repugnant when, evaluated only in terms of the elements of the crimes as charged to the jury—and without regard to the evidence as to what actually occurred—acquittal on one count necessarily negates an essential element of a crime of which the defendant was convicted (see People v Tucker, 55 NY2d 1, 5; People v Brown, 102 AD3d 704; People v Dominique, 36 AD3d 624). Here, as charged to the jury, an element of the charge of burglary in the second degree was that the defendant entered the dwelling with the intent to commit a crime. Since the acquittal on the charge of petit larceny did not negate the element of entry with intent to commit a crime, the acquittal on the charge of petit larceny was not repugnant to the conviction on the count of burglary in the second degree (see People v Gardner, 164 AD3d 602, 602).
The defendant's contentions regarding the prosecutor's opening and closing remarks are unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911) and, in any event, are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court