People v Williams (2020 NY Slip Op 51417(U))

[*1]

People v Williams (Rayneisha)

2020 NY Slip Op 51417(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-346 W CR

The People of the State of New York,
Respondent, 
against
Rayneisha Williams, Appellant. 

John R. Lewis, for appellant.
Westchester County District Attorney (Jill Oziemblewski and William C. Milaccio of counsel),
for respondent.

Appeal from judgments of the City Court of White Plains, Westchester County (Brian
Hansbury, J.), rendered January 31, 2019. The judgments convicted defendant, upon jury
verdicts, of endangering the welfare of a child and criminal contempt in the second degree,
respectively, and imposed sentences. The appeal brings up for review the denial of defendant's
motion, pursuant to CPL 330.30 (1), to set aside the verdicts.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged, in three separate accusatory instruments, with endangering the
welfare of a child (Penal Law § 260.10 [1]), criminal contempt in the second degree (Penal
Law § 215.50 [3]) and petit larceny (Penal Law § 155.25). Following a jury trial,
defendant was found guilty of endangering the welfare of a child and criminal contempt in the
second degree, but not guilty of petit larceny. Defendant subsequently moved to set aside the
verdicts pursuant to CPL 330.30 (1), arguing, among other things, that the verdicts were
repugnant. By order dated January 3, 2019, the City Court denied defendant's motion. The appeal
from the judgments of conviction rendered on January 31, 2019 brings up for review the City
Court's denial of defendant's motion.
"[A] verdict is repugnant only if it is legally impossible—under all conceivable
circumstances—for the jury to have convicted the defendant on one count but not the
other" (People v Muhammad, 17
NY3d 532, 539-540 [2011]; see
People v DeLee, 24 NY3d 603, 608 [2014]). "The rationale for the repugnancy doctrine
is that the defendant cannot be convicted when the jury actually finds, via a legally inconsistent
split verdict, that the defendant did not [*2]commit an essential
element of the crime" (People v DeLee, 24 NY3d at 608; see People v
Muhammad, 17 NY3d at 539; People v Tucker, 55 NY2d 1, 6 [1981]). Thus, "[i]t is
necessary to determine whether the defendant's acquittal on one or more of the counts necessarily
negated an essential element of another count of which the defendant was convicted" (People v Brown, 102 AD3d 704,
704 [2013]; see e.g. People v
France, 172 AD3d 900, 901 [2019]; People v Johnson, 159 AD3d 833, 834 [2018]). In determining
whether a verdict is legally repugnant, the court reviews "the elements of the offenses as charged
to the jury without regard to the proof that was actually presented at trial" (People v
Muhammad, 17 NY3d at 542; see People v DeLee, 24 NY3d at 608; People v
Tucker, 55 NY2d at 6-8). "If there is a possible theory under which a split verdict could be
legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary
support in a particular case" (People v Muhammad, 17 NY3d at 540; see People v
DeLee, 24 NY3d at 608).
Here, viewing the elements of the offenses as charged to the jury, we find that the verdicts
acquitting defendant of petit larceny but convicting her of endangering the welfare of a child and
criminal contempt in the second degree were not repugnant. The elements of petit larceny as
charged are completely different from the elements of endangering the welfare of a child and
criminal contempt in the second degree as charged (see People v Gardner, 164 AD3d 602, 602 [2018]; People v Vazquez, 82 AD3d 1273,
1275 [2011]; People v Dominique,
36 AD3d 624, 625 [2007]; People v
Konrad, 13 Misc 3d 135[A], 2006 NY Slip Op 52037[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2006]). Therefore, the acquittal of petit larceny did not negate any of the
elements of endangering the welfare of a child and criminal contempt in the second degree for
which defendant was convicted (see People v Vazquez, 82 AD3d at 1276; People v Rich, 78 AD3d 1200,
1201 [2010]; People v Konrad, 13
Misc 3d 135[A], 2006 NY Slip Op 52037[U]).
Accordingly, the judgments of conviction are affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020